JOSÉ NAZARIO, demandante y apelante, *v.* JUAN G. GALLARDO, ETC., demandado y apelado; JOSÉ NAZARIO, demandante y apelante, *v.* JUAN G. GALLARDO, ETC., demandado y apelado.

Nos. 4999 y 5001.—*Sometidos:* Noviembre 5, 1929.  *Resueltos:* Abril 3, 1930.

*Leopoldo Tormes,* abogado del apelante; *Attorney General James R. Beverley* y *R. Cordovés Arana* y *Tomás Torres Pérez, Subprocuradores,* abogados del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Estos casos fueron sometidos conjuntamente por las partes y así serán resueltos. Están envueltas en ellos las mismas cuestiones legales.

El demandante Nazario se dedica en la ciudad de Ponce al negocio de importar de los Estados Unidos café tostado y semitostado para venderlo en Puerto Rico al por mayor y al detall.

Alega en sus demandas que en determinadas fechas pagó

bajo protesta los derechos prescritos por la Ley No. 19 para reglamentar la venta de café extranjero puro o mezclado con café de Puerto Rico, para proveer fondos con que pagar los gastos que ocasione tal reglamentación y para otros fines, aprobada en 19 de abril de 1928, empleando las estampillas adquiridas en su negocio de venta de café importado, y alega además que la Ley No. 19 es anticonstitucional por los varios motivos que expresa, y solicita que siendo en tal virtud ilegal el cobro se ordene la devolución de las cantidades indebidamente pagadas.

El demandado formuló excepciones previas alegando que la corte no tenía jurisdicción para conocer de los litigios y que las demandas no alegaban hechos suficientes para determinar una causa de acción. La corte declaró con lugar la primera de las excepciones e indicó que en el caso de que tuviera jurisdicción también declararía con lugar la segunda.

Como se ha indicado, el demandante Nazario pagó bajo protesta e inició estos casos acogiéndose a los beneficios de la Ley No. 8 de 19 de abril de 1927 que se refiere al pago de contribuciones bajo protesta y determina el procedimiento que debe seguirse para pedir ante los tribunales de justicia su devolución. La sección 1 de dicha ley en lo pertinente dice:

"Cuando algún contribuyente creyere que no debe pagar cualquier contribución o parte de ella. . ."

Y se sostiene que no siendo la suma pagada por el demandante una contribución, no pudo acogerse a la indicada ley para reclamar su devolución.

A nuestro juicio es claro que la Ley No. 19 de 1928 no impone una contribución. Reglamenta la venta del café extranjero en Puerto Rico e impone ciertos derechos de inspección para obtener los fondos necesarios para pagar los gastos que la reglamentación ocasione. Su sección 23 lee como sigue:

"El producto íntegro de la venta de los sellos o estampillas, licencias y multas provistas en esta Ley ingresará en el Tesoro Insular y constituirá un fondo especial, que se denominará 'Fondo de Pro-

tección Cafetera,' y el cual se destinará a sufragar los gastos que origine la aplicación de las leyes para proteger el café de Puerto Rico y la de inspeccionar y legalizar la procedencia del mismo café de Puerto Rico:''

En el caso de *Lever Bros. Co.* v. *Commonwealth* (Mass.), 121 N. E. 516, 517, se resolvió:

''Hay otro obstáculo verdadero contra esta parte de la reclamación de la peticionaria, sobre el cual también descansa esta decisión. El pago requerido por dichas secciones 54 y 91 no es una contribución o arbitrio. Es un mero derecho de inscripción. Así se menciona en el estatuto, donde se usa la palabra 'derecho' para distinguirla de las palabras 'contribución' y 'arbitrio.' Véase St. 1909, c. 490, 3a. parte, secciones 54, 69, 70 y St. 1903, c. 437, sec. 90. La única jurisdicción otorgada a la corte por la sección 70 (a virtud de la cual se ha presentado esta petición) es la de considerar perjuicios que surjan por la exacción de 'esa contribución o arbitrio, o de cualquier parte de los mismos.' Es claro que el derecho (*fee*) no equivale a 'costas' de acuerdo con la sección 70. Y es evidente que la corte no tiene jurisdicción para considerar la cuestión del derecho. El estado no ha consentido en 'ser demandado como un poder soberano respecto a esa cuestión.''

Y resumiendo la jurisprudencia sobre la materia dice 26 R.C.L. 20 así:

''Hay otra forma de carga pecuniaria que no es una contribución sino un incidente del poder de regular, pero que, sin parecerse a los impuestos discutidos en los párrafos que anteceden, pueden imponerse sobre la realización de un hecho sobre el cual la legislatura no puede imponer contribución o gravamen alguno mediante otra carga pecuniaria para producir ingresos. Cuando una ocupación o acto es de tal naturaleza que se hace necesaria cierta dosis razonable de inspección o examen por parte de los funcionarios públicos en beneficio de la salud, la moralidad o la seguridad públicas, la Legislatura puede disponer que tal inspección o examen se efectúen a expensas de las personas que se dediquen a esa ocupación o que realicen el acto, y que nadie se dedicará a esa ocupación o realizará tal acto hasta que pague cierta cuota o contribución para sufragar el costo del examen o inspección. De igual modo, cuando una ocupación es de tal naturaleza que la falta de habilidad o idoneidad por parte de aquéllos que se dedican a ella constituye una amenaza para la salud o seguridad públicas, puede exigirse un examen a aquéllos que traten

de dedicarse a ella, y el costo de tal examen puede ser sufragado mediante el pago de cierta cuota por parte de las personas que lo tomen. Aunque ingresa en tesorería, el dinero así recaudado se asigna anticipadamente a los fines provistos en el estatuto, y no se dedica al sostenimiento general del gobierno. La fijación de tal carga no equivale a la imposición de una contribución, sino a una regla, y la exacción de la cuota es un mero incidente de la regla, y al imponerla, la Legislatura no está sujeta a las limitaciones que circundan el poder de imponer contribuciones.''

La única duda que ha surgido en nuestra mente es el alcance que debe darse a la decisión de la Corte de Circuito de Apelaciones del Primer Circuito que invoca el apelante. Se dictó en el caso de *Gallardo* v. *Porto Rican American Tobacco Co.*, 26 Fed. (2d) 668 y resolvió que:

''De acuerdo con un estatuto aprobado por la Legislatura de Puerto Rico en 23 de abril de 1927, titulado 'Ley para proteger el tabaco y cigarros de Puerto Rico contra fraudes y adulteraciones mediante el establecimiento de una agencia de garantía y anuncio en la ciudad de Nueva York, Estados Unidos; la emisión de estampas de garantía determinando la procedencia del tabaco y una inspección pericial adecuada; fijando un derecho de inspección para sufragar los gastos que la aplicación de esta ley origine;' etc., se impuso un derecho (*fee*) de inspección, cuyo pago la apelada se negó a efectuar. En su demanda la compañía tabacalera alega que este derecho de inspección equivale a un arbitrio. Si bien se le denomina derecho de inspección, el mismo es en realidad una contribución impuesta a la apelada y cae claramente dentro de la prohibición contenida en la ley de marzo 4, 1927.''

Argumentando por qué la anterior decisión no es aplicable a estos casos la parte apelada se expresa, a nuestro juicio con acierto, así:

''En ese caso se trataba de las estampillas que se fijan al tabaco de acuerdo con las disposiciones de la Ley No. 24 de 23 de abril de 1927, que enmienda las secciones 6 y 9 de la Ley No. 100 de 29 de agosto de 1925, que a su vez enmienda la Ley No. 19 de 17 de septiembre de 1923.

''Es cierto que la Corte de Circuito así lo sostuvo, pero no es menos cierto que en dicho caso el demandante-apelado alegó que los derechos de inspección en aquel caso eran *excise taxes*, y el deman

dado-apelado, a los fines de interponer una excepción de falta de jurisdicción, así lo admitió, de suerte que la Corte, en armonía con el criterio de ambas partes litigantes, pero sin entrar en los méritos del caso, declaró que tales derechos eran 'in reality a tax assessed again'st the appellee,' y en consecuencia, declaró con lugar la excepción de falta de jurisdicción del tribunal ya que de acuerdo con la ley del Congreso de marzo 4 de 1927 'no podrá sostenerse en la Corte de Distrito de los Estados Unidos para Puerto Rico pleito alguno con el fin de restringir la tasación o cobro de contribución alguna impuesta por las leyes de Puerto Rico.'

"La ley que se interpretaba no es esencialmente igual a la ley de 1928. El propósito de aquélla era proteger el tabaco y cigarros de Puerto Rico contra el fraude y adulteraciones, por lo que las estampillas se aplicaban al tabaco de cosecha o manufactura isleña y se suministraban gratis, cobrándose un derecho de inspección sobre todo tabaco que se usare, vendiere o despachare, sin importar cuál fuera su procedencia. Este derecho de inspección, aún sin entrar en los méritos del caso, era en realidad una contribución y su propósito al aplicarse a todo el tabaco era el de proveer rentas. La Ley No. 19 de 1928, por el contrario, tiene por objeto regular la venta en Puerto Rico de café extranjero, significándose como tal aquél que no es cosechado en la Isla; las estampillas se valoran sobre la base de dos centavos por libra, y se adhieren a los paquetes o envases que contengan café extranjero puro o mezclado con café de Puerto Rico que se venda en el interior o se exporte para el exterior."

No habiendo, pues, el demandante satisfecho una verdadera contribución, la falta de jurisdicción es evidente.

A este respecto dijo la corte sentenciadora:

"Resolvemos que la Ley incluye únicamente en sus términos la devolución de contribuciones. Como consecuencia, si los derechos que se pagan a virtud de la Ley No. 19 de 1928, jurídicamente hablando, no son contribuciones, el demandado no puede acogerse a ella para interponer esta acción."

Y parece conveniente citar lo que sigue de Cyc tal como aparece en *Saurí y Subirá* v. *Sepúlveda*, 25 D.P.R. 242, 245.

"El consentimiento del Estado para ser demandado es un acto completamente voluntario por su parte, pudiendo éste, por tanto, determinar los casos en que puede ser demandado, sus términos y con-

diciones, así como la forma en que ha de llevarse la acción; y solamente podrá ser demandado el Estado en los casos, forma, lugar y cortes que él determine, y quien quiera hacer uso de tal consentimiento debe solicitar el remedio tal como lo prescribe la ley y cumplir enteramente con los términos y condiciones como han sido establecidos, estando las cortes en el deber de ver que se han observado los métodos de procedimiento prescritos.''

■ Estudiando los casos en sus méritos, también creemos que la segunda excepción debe declararse con lugar. Opinamos que la Ley No. 19 de 1928 es constitucional.

Sostiene el apelante su anticonstitucionalidad porque tiende según él a impedir la venta en Puerto Rico de café importado de los Estados Unidos, estableciendo una injusta competencia entre dicho café y el que aquí se produce, agregando luego como un argumento más que la venta del café cosechado en la Isla llega al noventa por ciento de su consumo total; porque tiende a regular el comercio con el extranjero y entre los estados de la Unión; porque priva al ciudadano de su propiedad sin el debido proceso de ley y no es uniforme; porque viola las leyes que impiden que se imponga una contribución a los productos de Estados Unidos que se importan en la Isla; porque es contraria a la Ley Federal sobre Drogas y Alimentos, y porque contiene más de un asunto en su título.

■ Examinada la Ley Federal de Drogas y Alimentos (Pure Food & Drug Act, Code of Laws of the U. S. of A. vol. 44, part 1, p. 622) se concluye que sus disposiciones con respecto a rotulación no están en conflicto con las de la ley puertorriqueña que exige que los envases para la venta o exportación de café extranjero, puro o mezclado con café de Puerto Rico, ''deberán estar rotulados en letras de un cuarto de pulgada con el nombre, razón social o nombre corporativo de la persona natural o jurídica a quien ha sido expedida la licencia, el número de la licencia y las palabras 'traficante en café extranjero.' Si dichos envases contienen café extranjero puro, se hará constar así en el mismo. Si contienen café

extranjero, mezclado con café de Puerto Rico, deberá hacerse constar que el contenido del mismo es una mezcla, la procedencia de los cafés mezclados y la proporción de la misma.'' Ambas leyes se armonizan y complementan fácilmente.

Es verdad que la ley interfiere en cierto modo con el comercio extranjero y entre estados de la Unión, pero lo hace en una forma que ha sido considerada permisible por la jurisprudencia. Se trata de una ley de inspección y se ha resuelto que esas leyes constituyen excepciones a la regla.

"El derecho de los estados a adoptar leyes de inspección está expresamente reconocido, en lo que al comercio extranjero se refiere, en la constitución, en su artículo I, párrafo 10. . . El mismo principio es aplicable al comercio interestadual. . Patapsco Guano Co. v. North Carolina Vd. of Agriculture, 171 U. S. 345, 18 S. Ct. 862, 43 L. Ed. 191, y casos citados en la anotación 9 bajo el epígrafe *commerce*, párrafo 63 (a) del tomo 12 C. J. 52.''

No creemos que la ley interfiere con el ejercicio de las profesiones de una manera tal que constituya una invasión de ese derecho que tienen todos los que viven amparados por las leyes de la república. Regula, no prohibe. Fiscaliza a los efectos de garantizar el derecho de la comunidad a conocer la verdad en relación con los artículos que consume; no destruye la propiedad sin el debido procedimiento de ley. Se trata de una situación distinta a la creada por la ordenanza municipal que esta corte declaró nula en el caso de *El Pueblo* v. *Correa*, 31 D.P.R. 531.

En cuanto a si el título de la ley cumple con las exigencias de nuestra Ley Orgánica, es cuestión que ha sido ya resuelta en la afirmativa así:

"El título de la ley de Puerto Rico de abril 19, 1928, 'Ley para reglamentar la venta de café extranjero puro o mezclado con café de Puerto Rico y para proveer fondos con que pagar los gastos que ocasione tal reglamentación, y para otros fines,' es adecuado, de acuerdo con la carta Orgánica, Sección 34 (48 USCA sec. 832).'' 31 Fed. (2d) 946.

*Por virtud de todo lo expuesto, deben confirmarse las sentencias recurridas.*

El Juez Asociado Señor Wolf disintió.* El Juez Asociado Señor Texidor no intervino.

EN RECONSIDERACION
Julio 21 de 1930

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Siendo las mismas las cuestiones envueltas en estos casos, se estudiaron en una sola opinión. En los dos presentó el demandante mociones de reconsideración; exactamente iguales, que estudiaremos también conjuntamente.

En las mociones se copia una ley aprobada por la Legislatura en su última sesión, disponiendo del balance resultante en 30 de junio de 1930 del fondo titulado "Fondo de Protección Cafetera," creado por la Ley No. 19, aprobada en abril 19 de 1928, después de cubiertos los gastos de inspección y fiscalización requeridos por dicha ley, para el fomento de la agricultura y de la instrucción rural en las zonas cafeteras de la Isla, por medio del establecimiento de granjas de experimentación y demostración, y el apelante sostiene que con tal acto de la Legislatura quedó demostrado lo que siempre sostuvo, esto es, que la ley No. 19 de 1928, lo que impuso fué una contribución y no un derecho de inspección.

El que se disponga de un excedente que resulte después de cumplidos los fines de una ley como la 19 de 1928, especialmente en la forma en que se hace en la ley de 1930, no tiene, por sí mismo, el alcance que pretende el apelante. Este no robustece su proposición con cita alguna de jurisprudencia.

Se alega además que esta corte no dió importancia a lo resuelto por ella misma en el caso de *Benítez Sugar Co.* v. *Aboy,* 34 D.P.R. 36. No es que no le diera importancia al caso; es que no era aplicable. En él se resolvió, citando la sección 1 de la Ley No. 17 de 1920, "con arreglo a este

---

* NOTA: Véase el prefacio.

artículo es claro que cualquier contribución en Puerto Rico está comprendida en sus términos'' y aquí se decidió que lo que imponía la Ley No. 19 de 1928, era un derecho de inspección y no una contribución. No se trataba ni de un impuesto sobre la propiedad, ni de un arbitrio.

No debe olvidarse que si bien el fundamento principal de nuestras sentencias confirmando las de la Corte de Distrito de Ponce fué el de que el demandante no pudo acogerse a los beneficios de la Ley No. 8, de 1927, sobre contribuciones pagadas bajo protesta; tanto por la corte de distrito como por esta Corte Suprema se examinaron los méritos y se concluyó que la ley que se impugnaba era válida.

En este aspecto del caso se reiteran en las mociones de reconsideración argumentos que ya se expusieron y se tuvieron en cuenta. Nuestro criterio es el mismo.

Otros argumentos relativos a la no enmienda de la Ley No. 19 de 1928, reduciendo el impuesto, y a la situación difícil que surgirá en la Isla a virtud de las sentencias de esta corte dejando subsistente la ley, pues se corre el riesgo de que bajo la apariencia de un derecho de inspección pueda imponerse una verdadera contribución, no los consideramos de peso suficiente para alterar el juicio que formáramos. Quizá sea oportuno llamar la atención hacia el hecho de que el Congreso no sólo no intervino, pudiendo hacerlo, con la política de la Legislatura en esta materia, sí que fué más lejos y recientemente autorizó a la Legislatura ''a imponer un derecho aduanero sobre café importado en Puerto Rico, incluyendo café cultivado en un país extranjero que venga a Puerto Rico procedente de los Estados Unidos.''

*Las mociones de reconsideración deben ser declaradas sin lugar.*

El Juez Asociado Señor Wolf disintió.*

---

* Nota: Véase el prefacio.