José Nazario, demandante y apelante, *v.* Manuel V. Domenech, Tesorero de Puerto Rico, demandado y apelado.

No. 5439.—*Sometido:* Diciembre 15, 1931. *Resuelto:* Julio 12, 1932.

Sentencia de *R. H. Todd, Jr.,* J. (Ponce), sobre excepción previa de falta de jurisdicción y de hechos suficientes constitutivos de causa de acción, declarando sin lugar la demanda, sin costas.

*Leopoldo Tormes,* abogado del apelante; *Hon. Attorney General James R. Beverley* y *R. Cordovés Arana, Subprocurador,* abogados del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Este es un caso sobre devolución de contribuciones pagadas bajo protesta. El demandante José Nazario se dedica en Ponce al negocio de la importación de café para venderlo

cn Puerto Rico al por mayor y al detall. Alega que de acuerdo con la Ley No. 19 de 1928 (p. 147) titulada Ley para regular la venta de café extranjero lo mismo puro que mezclado con café de Puerto Rico, y para proveer fondos para la inspección y regulación de dicha venta y para otros fines, para dedicarse a su negocio se vió obligado a pagar y pagó bajo protesta desde julio 10, 1929 a junio 7, 1930, la suma de $1,353. Sostiene que dicha suma es una contribución ilegal porque la ley que la impone es anticonstitucional y solicita en tal virtud que le sea devuelta, con sus intereses y costas.

Excepcionó El Pueblo la demanda porque no había dado su consentimiento para ser demandado y porque la demanda no aducía hechos suficientes para determinar una causa de acción. La excepción fué declarada con lugar y habiendo el demandante renunciado su derecho a enmendar su demanda, se dictó sentencia declarándola sin lugar, sin especial condenación de costas. El demandante apeló entonces para ante este tribunal.

Dos errores señala en su alegato, a saber: erró la corte al resolver que el demandante no estaba autorizado para recurrir al remedio que concede la Ley No. 8 de 1927 (p. 123) sobre devolución de contribuciones pagadas bajo protesta, y erró también al declarar que la Ley No. 19 de 1928 (p. 149) sobre venta de café no era anticonstitucional.

Ambas cuestiones fueron estudiadas y resueltas en contra de lo que el apelante sostiene en el caso de *Nazario* v. *Gallardo, Tesorero,* 40 D.P.R. 791. Sin embargo, después de esa decisión esta propia corte dictó la de *Suazo* v. *Lugo, Alcaide,* 42 D.P.R. 57, y la Corte de Circuito de Apelaciones la de *Lugo* v. *Suazo,* el 7 de junio último, que favorecen al apelante.

Por la decisión de esta corte en el caso de Suazo, *supra,* quedó claramente resuelto que la Ley No. 19 de 1928 es anticonstitucional, pero no que se impusiera por ella una con-

tribución. En el curso de la opinión, el Juez Asociado Sr. Texidor, hablando por la corte, se expresó así:

"Estas disposiciones de la Ley de 1928 para reglamentar la venta de café extranjero ¿contienen una imposición de contribuciones, o son determinantes de un derecho de inspección?

"Parece ser éste uno de los problemas más importantes del caso, y si lo fuera, encontraríamos ya una decisión, la del caso Nazario v. Gallardo, Tesorero, 40 D.P.R. 791, en que se dijo que la ley creaba un derecho de inspección (inspection fee).

"En los casos Nazario v. Gallardo, *supra,* la cuestión más importante era si se trataba de una contribución en la que el pago bajo protesta pudo dar margen a recobrar el importe.

"En este caso el apelante, y por él su representación el Abogado D. Juan B. Soto, presenta la cuestión en otros términos: Si, sea derecho de inspección o contribución, pudo la Legislatura crear una inspección de carácter de privilegio, discrimen o diferencia, en favor de unos comerciantes en café de Puerto Rico, y en perjuicio de otros que comercian o trafican en café extranjero, dentro del mismo territorio."

La sentencia de esta corte fué apelada para ante la Corte de Circuito de Apelaciones del Primer Circuito y al resolver el recurso la Corte de Circuito comenzó su opinión así:

"La cuestión principal envuelta en este caso es si la Ley de Puerto Rico de 1928 (No. 19) para reglamentar la venta de café extranjero puede ser sostenida como ley de inspección válida o si debe ser considerada como una ley que fija una contribución de rentas internas discriminatoria al café extranjero después de haber sido importado a la isla para la venta, en violación del Artículo 3 de la Carta Orgánica de Puerto Rico."

Estudia luego los hechos del caso, la ley y la jurisprudencia, y dice:

"Aplicando el principio establecido en el caso de Foote, es de presumirse que el fondo creado por la Ley de 1928 es más de lo necesario para sufragar los gastos de poner dicha ley en vigor y participa de la naturaleza de una contribución, toda vez que la ley provee que el fondo será usado para pagar otros gastos distintos a los

de inspección, y el gobierno no ofreció prueba para demostrar que el fondo no era en realidad mayor de lo razonablemente necesario para inspección.''

Continúa razonando, y expresa:

''Es cierto que la contribución impuesta a café extranjero hace una discriminación contra el mismo y a favor del café producido sola y enteramente en Puerto Rico, y siendo una contribución de rentas internas la Ley que la fija infringe las disposiciones del Artículo 3 de la Carta Orgánica, según fué enmendado, y es nula. *Walling* v. *Michigan,* 116 U. S. 446.

''Se ha sugerido que las disposiciones de la Ley de 1928 que exigen licencias y fijan un derecho de licencia de ochenta dólares al año para los traficantes al por mayor, de veinte dólares al año para los traficantes al detall, y sumas similares a sus agentes, son por sí mismas una contribución a un empleo. Si estos derechos de licencia equivalen a una contribución a un empleo, ellos son no obstante contribuciones de rentas internas, y siendo discriminatorias—toda vez que a los traficantes de café de Puerto Rico no se les exige tales licencias—su fijación como tales sería nula y en contravención del Artículo 3 de la Carta Orgánica según fué enmendado. *Walling* v. *Michigan,* 116 U. S. 446.''

Termina como sigue:

''La Corte Suprema de Puerto Rico resolvió en este caso que la Ley de 1928 era una ley de inspección, pero que hacía una discriminación contra los traficantes en café extranjero a favor de aquellos que traficaran en café de Puerto Rico, y que era inválida por violar la cláusula sobre igual protección de las leyes contenida en la Carta Orgánica (Sección 2) y la Enmienda Catorce de la Constitución, y por infringir también la cláusula de comercio al fijar una carga indebida al comercio interestadual y extranjero. Dicha Corte no resolvió que la aludida ley infringía la Sección 3 de la Carta Orgánica por ser una contribución que hacía un discrimen contra artículos importados de los Estados Unidos o de países extranjeros en favor de artículos similares producidos o fabricados en Puerto Rico, debido a que ella consideró la carga impuesta como un derecho de inspección y no como una contribución. La cláusula de comercio no es extensiva a Puerto Rico; y en vista de la conclusión a que aquí llegamos, es innecesario considerar si se infringió la Sección 2 de la Carta Orgánica y la Enmienda Catorce.

''Si bien en el caso de *Gallardo* v. *Questell,* 29 F. (2d) 897, esta

Corte resolvió que la Ley No. 22 de 1919, precursora de la Ley de 1928, no infringía la Sección 2 de la Carta Orgánica o la Enmienda Catorce, ella no consideró si la Ley No. 22 infringía la Sección 3 de la Carta Orgánica, y no se nos llamó la atención sobre la pertinencia de la Sección 3, ya que la parte apelada en cuyo favor la Corte de Distrito de los Estados Unidos para Puerto Rico había resuelto que la Ley era nula no radicó alegato ni hizo argumentación verbal alguna ante esta Corte.

"Por las razones expuestas nuestra resolución es:

"Se confirma la sentencia de la Corte Suprema de Puerto Rico, con costas en favor de la apelada."

Siendo ésa la última palabra de la jurisprudencia, queda sin efecto la establecida en el caso de *Nazario* v. *Gallardo, Tesorero, supra,* y en su consecuencia debe reconocerse no sólo que la Ley No. 19 de 1928 es anticonstitucional, si que también que imponiéndose por ella una contribución, pudo pagarse bajo protesta y reclamarse siguiendo el procedimiento establecido en la Ley No. 8 de 1927.

*Debe revocarse la sentencia recurrida y dictarse otra declarando que la corte de distrito tiene jurisdicción para conocer del asunto y que la demanda aduce hechos suficientes para determinar la acción ejercitada, devolviéndose el caso para ulteriores procedimientos de conformidad con la opinión.*

El Juez Asociado Señor Córdova Dávila no intervino.