CARMEN GÓMEZ TEJERA, peticionaria, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; TESORERO DE PUERTO RICO, interventor.

Núm. 249.—*Sometido:* Enero 19, 1951. *Resuelto:* Abril 30, 1952.

*Virgilio Brunet,* abogado de la peticionaria; *Hon. Procurador General Víctor Gutiérrez Franqui (Vicente Géigel Polanco,* en el alegato) y *José A. García Malpica, Procurador General Auxiliar,* abogados del interventor, demandado en el pleito principal.

El Juez Asociado Señor Negrón Fernández emitió la opinión del Tribunal.

El 15 de julio de 1949 el Tesorero de Puerto Rico notificó a la aquí peticionaria su determinación final sobre deficiencias en su contribución sobre ingresos para el año contributivo de 1946. En la referida notificación aparecía consignada la deficiencia en la suma de $301.71 (¹) y se indicaba que la fianza a prestarse, en caso de apelación para ante el Tribunal de Contribuciones, debería ser por la suma de $325.

El 11 de agosto de 1949 la peticionaria apeló de dicha determinación final para ante el Tribunal de Contribuciones. Acompañó a su querella (²) un documento en inglés fechado el 5 de agosto de 1949, dirigido al Tesorero de Puerto Rico por el Sr. Ramón Magriñá, en su carácter de Vicepresidente y Gerente del Banco Popular de Puerto Rico—y firmado también por J. Correa—por el cual se le notificaba que la querellante había depositado en dicho banco la suma de $325 para cubrir el monto de las deficiencias determinadas finalmente por el Tesorero y notificadas a la peticionaria el 15 de julio de 1949. En dicho documento se hacía constar, además, lo siguiente:

"Queda entendido que se pagará a usted o a su sucesor en el cargo, de dicho depósito en tanto el mismo sea suficiente para ello, el monto de la contribución notificada y apelada, que sea finalmente confirmada por el Tribunal de Contribuciones de Puerto Rico y tasada según se provee en la sección 57 (b) de la Ley de

---

(¹) Esta suma comprendía: $264.08 de deficiencia en la contribución, más $37.63 por concepto de intereses al 6 por ciento anual hasta "7–30–49".

(²) Según los autos originales del Tribunal de Contribuciones elevados a este Tribunal, la querella aparece recibida el 11 de agosto de 1949, a las 11:52 a. m. El original del referido documento en inglés aparece recibido en dicho tribunal el 12 de agosto de 1949, a las 11:02 a. m. En el certificado que el Secretario del Tribunal de Contribuciones expidió el 11 de agosto de 1949 y unió a los autos del caso, se hace constar que "la querella en el caso de epígrafe vino acompañada de los siguientes documentos y anexo: 1. Original y tres copias de la querella y anexo." (Bastardillas nuestras.) (No se especificó el "anexo".) Sin embargo, aparece en los autos unida a la querella—al igual que las notificaciones de deficiencia del Tesorero a la peticionaria—una copia carbón, pero firmada también por R. Magriñá y J. Correa, del documento aludido, sobre el cual no se puso nota de recibo .(como se hizo con el original).

Contribución sobre Ingresos de 1924. Dicho pago será hecho a usted a su requerimiento y previa entrega a nosotros de los siguientes documentos: (*a*) copia certificada de la decisión o decisiones finales del Tribunal de Contribuciones de Puerto Rico; (*b*) copia certificada de la notificación de tasación de dicha contribución y requerimiento para su pago; (*c*) certificación suya acreditando que la contribución así confirmada y tasada no ha sido pagada.

"Queda entendido además que este depósito será reembolsado a la dicha Sra. Carmen Gómez Tejera al presentarnos ella cualquiera de los siguientes documentos: (1) Recibo o recibos originales acreditando el pago de la deficiencia en la contribución sobre ingreso, que sea confirmada por el Tribunal de Contribuciones de Puerto Rico y tasada por usted como resultado de la apelación de dicha notificación de deficiencia de 15 de julio de 1949 antes referida, o (2) Copia certificada de la decisión o decisiones finales del Tribunal de Contribuciones de Puerto Rico de donde aparezca que la cantidad determinada por usted como deficiencia fué desaprobada por el Tribunal de Contribuciones de Puerto Rico."(³)

El Tribunal de Contribuciones, a instancias del Tesorero, se declaró sin jurisdicción para conocer del recurso por considerar que no se había prestado por la contribuyente, dentro del término y en debida forma, la fianza requerida para ello por la ley.

---

(³) El texto en inglés de dicho documento es el siguiente:
"BANCO POPULAR DE PUERTO RICO
San Juan, P. R.

August 5, 1949

"Hon. Treasurer of Puerto Rico
"San Juan, Puerto Rico
"Sir:

"This will confirm to you that Mrs. Carmen Gómez Tejera has deposited with us the sum of $325.00 (THREE HUNDRED TWENTY FIVE DOLLARS AND 00/100) to cover deficiencies in income tax notified to Mrs. Carmen Gómez Tejera as appears from your notice of deficiencies dated July 15, 1949, for the year ended December 31st, 1946.

"It is understood that there shall be payable to you or to your successor in office, from such deposit insofar as the same shall be sufficient therefor, the amount of the tax as notified and appealed from, which may be finally confirmed by the Tax Court of Puerto Rico and assessed as is provided in Section 57(*b*) of the Income Tax Act of 1924. Such payment will be made to you upon your demand and against surrender to us of the following documents:

En su alegato en apoyo del recurso de *certiorari* sostiene la peticionaria que el tribunal inferior erró al resolver que era un requisito jurisdiccional el que una fianza prestada para asegurar la efectividad de la sentencia que pudiera aquél dictar, debía ser prestada *ante* y aprobada por el Tesorero de Puerto Rico y que, en consecuencia, erró al desestimar la demanda por falta de jurisdicción.

■■ La sección 57 (*a*) de la Ley de Contribuciones sobre Ingresos, Ley núm. 74 aprobada el 6 de agosto de 1925 (pág. 401), según quedó enmendada por la núm. 23 de 21 de noviembre de 1941 ((2) pág. 73), disponía lo siguiente:

"Si tratándose de algún contribuyente, el Tesorero determinare que hay una deficiencia con respecto a la contribución impuesta por este título, el contribuyente, excepto lo que dispone la subdivisión (*c*) será notificado de dicha deficiencia por correo certificado, pero dicha deficiencia será tasada en la forma que se establece en la subdivisión (*b*). Dentro de los quince (15) días inmediatamente siguientes a la fecha de la notificación, el contribuyente podrá solicitar del Tesorero la reconsideración de dicha determinación de deficiencia, expresando en su solicitud los fundamentos en que ésta se basa, y el Tesorero podrá concederle una vista administrativa antes de resolver el asunto, o podrá de-

---

"(*a*) Certified copy of the final decision or decisions of the Tax Court of Puerto Rico;

"(*b*) Certified copy of the notice of assessment of said tax and demand for payment;

"(*c*) Certificate from you that the tax so confirmed and assessed has not been paid.

"It is further understood that this deposit shall be reimbursed to the said Mrs. Carmen Gómez Tejera upon her presentation to us of either of the following documents:

"(1) Original tax receipt or receipts showing payment of the amount of the income tax deficiency which may be confirmed by the Tax Court of Puerto Rico and assessed by you as a result of the appeal from the notice of deficiency of July 15, 1949 above referred to, or

"(2) Certified copy of the final decision or decisions of the Tax Court of Puerto Rico showing that the entire amount determined by you as deficiency has been disallowed by the Tax Court of Puerto Rico.

"Yours very truly,

(s)     J. Correa        (s)     R. Magriñá
Authorized Signature       Vice President & Manager"

negar la reconsideración solicitada sin la celebración de vista alguna cuando a su juicio dicha solicitud fuere claramente infundada. Si el contribuyente no estuviere conforme con la resolución del Tesorero respecto a cualquier deficiencia, podrá, dentro de los treinta (30) días inmediatamente siguientes a la fecha en que se le notifique la resolución, radicar una querella contra el Tesorero ante el Tribunal de Apelación de Contribuciones de Puerto Rico, en la forma dispuesta por la ley creando dicho tribunal; *Disponiéndose,* que (1) la resolución del Tesorero sobre la determinación de cualquier deficiencia y (2) la prestación de fianza por el contribuyente, *sujeta ésta a la aprobación del Tesorero,* por una suma no menor de tres cuartas (¾) partes del montante de la contribución apelada, serán ambos y cada uno requisitos previos indispensables para acudir al referido Tribunal, sin los cuales éste no adquirirá jurisdicción." (Bastardillas nuestras.)

Dicha sección fué enmendada por la Ley núm. 230 de 10 de mayo de 1949 ((1) pág. 707), disponiendo desde entonces lo siguiente:

"Si tratándose de algún contribuyente el Tesorero determinare que hay una deficiencia con respecto a la contribución impuesta por este artículo, el contribuyente, excepto lo que dispone la Subdivisión (c), será notificado de dicha deficiencia por correo certificado, y el contribuyente podrá dentro de los treinta (30) días siguientes a la fecha del depósito de dicha notificación en el correo, o dentro de la prórroga que a tales fines le conceda el Tesorero, solicitar de éste, por escrito, reconsideración y vista administrativa sobre el asunto, exponiendo en su solicitud los fundamentos que tuviere para ello. Si el contribuyente no solicitare reconsideración en la forma y dentro del término aquí dispuestos, o si habiéndola solicitado, el Tesorero confirmare en todo o en parte la deficiencia notificada, el Tesorero notificará, en ambos casos, su determinación final al contribuyente, por correo certificado, y el contribuyente podrá apelar de dicha determinación final para ante el Tribunal de Contribuciones de Puerto Rico en la forma, *dentro del término y previo el cumplimiento de los requisitos dispuestos por ley.*" (Bastardillas nuestras.)

Del texto de la sección 57 (a) antes de su enmienda por la Ley 230, surge con toda claridad que aparte del término de 30 días para recurrir ante el Tribunal de Contribuciones—con-

tados a partir de la fecha de notificación de la resolución del Tesorero, en reconsideración, sobre la deficiencia por él determinada—existían otros dos requisitos jurisdiccionales para que dicho tribunal pudiera conocer de una querella como la del presente caso, a saber: (1) que hubiera recaído resolución del Tesorero sobre la determinación de cualquier deficiencia y (2) que se prestara fianza por el contribuyente, *sujeta ésta a la aprobación del Tesorero*, por una suma no menor de ¾ partes del monto de la contribución apelada. La Ley núm. 230 eliminó dichos requisitos del texto de la sección 57(a), disponiendo, sin embargo, que el contribuyente podía apelar de la determinación final del Tesorero *dentro del término y previo el cumplimiento de los requisitos dispuestos por ley*. Estos requisitos y términos los fijó a su vez la Ley núm. 235 aprobada el 10 de mayo de 1949 ((1) pág. 733), estableciendo un procedimiento uniforme para recurrir ante el Tribunal de Contribuciones en todos los casos propios de su jurisdicción.

El artículo 1 de dicha Ley 235 dispone que en todos los casos de la jurisdicción del Tribunal de Contribuciones "regirá exclusivamente el procedimiento que se establece en esta Ley para recurrir ante dicho Tribunal." El artículo 2(a)(1), relativo al procedimiento a regir en los casos de contribuciones sobre ingresos, establece como requisito jurisdiccional para que el Tribunal de Contribuciones pueda conocer de la apelación de un contribuyente contra la determinación final del Tesorero, además del término de 30 días para recurrir ante dicho tribunal, contados a partir de la fecha del depósito en el correo de la determinación final sobre la deficiencia, la prestación de una fianza dentro de dicho término de 30 días, *a favor* del Tesorero de Puerto Rico, *ante éste, sujeta a la aprobación de dicho funcionario*, por el monto de la contribución notificada, más intereses computados por el período de un año al tipo de 6 por ciento anual.

Las acciones para la revisión de la imposición de contribuciones son realmente acciones contra El Pueblo de Puerto Rico,

no obstante dirigirse contra el Tesorero. *Bonet* v. *Yabucoa Sugar Co.*, 306 U. S. 505, 506, 83 L. ed. 946, 947; *La Correspondencia de P. R.* v. *Buscaglia, Tes.*, 58 D.P.R. 680, 683; *Nazario* v. *Gallardo, Tesorero*, 40 D.P.R. 791. Como el soberano no puede ser demandado sin su consentimiento, *Porto Rico* v. *Rosaly*, 227 U. S. 270, 274, 57 L. ed. 507, 508; *Puerto Rico* v. *Shell Co.*, 302 U. S. 253, 262, 82 L. ed. 235, 243; *Bonet* v. *Yabucoa Sugar Co.*, supra, al renunciar a su inmunidad y dar su consentimiento para ser demandado puede imponer en cualquier tiempo las condiciones que estime conveniente para ello. *Standard Comm. Tob. Co.* v. *Tribl. Contribuciones*, 71 D.P.R. 749, 752; *Mayagüez Light, P. & I. Co.* v. *Tribl. Contribuciones*, 68 D.P.R. 519.

██ La fianza exigida por el artículo 2 (*a*) (1) de la Ley 235, a ser prestada a favor del Tesorero, *ante* éste y sujeta a su aprobación, es un requisito a ser cumplido estrictamente, pues es una de las condiciones impuestas por el soberano para dar su consentimiento a ser demandado, habiéndose establecido tal requisito como uno jurisdiccional para poder recurrir al Tribunal de Contribuciones en revisión de la determinación final de deficiencia notificada al contribuyente por el Tesorero. Ha de observarse que la prestación de dicha fianza en la forma y manera establecidas por la Ley 235 es una condición precedente para que el Tribunal de Contribuciones pueda ejercer su jurisdicción. En el presente caso no se trata de la suspensión, por el Tribunal de Contribuciones, del cobro de una contribución bajo el párrafo I del artículo 3 de la Ley núm. 328 de 1949 ((1) pág. 997) que en su último disponiéndose provee:

"*Disponiéndose, sin embargo,* que la radicación de la demanda ante el Tribunal de Contribuciones no afectará ni menoscabará el derecho del Tesorero de Puerto Rico a hacer efectiva la contribución por los procedimientos autorizados por ley, a menos que el Tribunal de Contribuciones, a solicitud del contribuyente y con citación del Tesorero de Puerto Rico, suspenda el cobro de la contribución en litigio, mediante el afianzamiento, a su entera satisfacción, de la contribución en controversia, incluyendo inte-

reses y penalidades. La autorización para prestar esta fianza, así como la fijación de su cuantía, serán facultad discrecional y exclusiva del Tribunal, teniendo en cuenta, en cada caso, los hechos y circunstancias que a su juicio concurran y afecten el interés, tanto del contribuyente, como de El Pueblo de Puerto Rico."

El propósito de la disposición arriba transcrita es claro. El derecho del Tesorero a hacer efectiva una contribución por los procedimientos autorizados por ley subsiste, en casos apropiados, no obstante recurrir el contribuyente al Tribunal de Contribuciones. Es para suspender, a solicitud del contribuyente y con citación del Tesorero, el cobro de la contribución—una vez radicada una demanda ante el Tribunal de Contribuciones—que dicho tribunal puede autorizar la prestación de una fianza por el contribuyente. En tales casos la autorización para prestar dicha fianza como la fijación de su cuantía se establecen como facultad discrecional y exclusiva del tribunal, dentro de las normas establecidas por la propia ley. Tales disposiciones no confligen con los requisitos fijados por la Ley 235 pues éstos son previos a la radicación de la demanda y, como tales, condiciones precedentes para que el tribunal pueda asumir jurisdicción, mientras que la facultad para suspender el cobro de una contribución en casos apropiados es incidental al ejercicio de su jurisdicción por el tribunal.

En el caso de autos la peticionaria invoca la función del Tribunal de Contribuciones bajo el disponiéndose anteriormente transcrito, en apoyo de su argumento de que la fianza por ella prestada y radicada en el Tribunal de Contribuciones cumple con la ley, sin que viniera obligada a prestarla *ante* el Tesorero. Por las razones que ya hemos expuesto, a la peticionaria no le cobija dicho disponiéndose. Ella venía obligada a prestar la fianza a favor del Tesorero y *ante* él, dentro del término fijado por la Ley 235. De hecho ella intentó cumplir con dichas disposiciones y aceptó el monto de la fianza que consignó el Tesorero en su notificación de determinación final de deficiencia. Pero dejó de cumplir el requisito de pres-

tarla *ante* él, y como el mismo fué fijado válidamente por el Estado como uno de los medios para poder recurrir ante el Tribunal de Contribuciones, sin el cual éste no adquiriría jurisdicción, su omisión o incumplimiento es fatal.

*La resolución del Tribunal de Contribuciones será confirmada.*

El Juez Asociado Sr. Snyder no intervino.