GONZALO ALMODÓVAR, demandante y recurrente, v. SECRE-
TARIO DE HACIENDA DE PUERTO RICO, demandado y re-
currido.

*Número:* 163    *Resuelto:* 22 de junio de 1962

*Rafael D. Milán Padró, María Luisa Capó y Yamil Galib Frangie,* abogados del recurrente; *Hiram R. Cancio, Secretario de Justicia, Arturo Estrella, Secretario Auxiliar, Luis F. Candal, abogado del Departamento de Justicia,* abogados del Secretario de Hacienda.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Dávila.

PER CURIAM: Para revisar la sentencia dictada por el Tribunal Superior, Sala de San Juan, por la cual se desestimaron dos querellas impugnando notificaciones de deficiencias por $570,200.82 y $256,622.34, y se decretó el archivo de los casos, expedimos el correspondiente auto. Para un mejor entendimiento de la cuestión fundamental planteada relacionada con la prestación de fianza, que como requisito jurisdiccional se exige por la ley, precisa hacer un recuento de los rechos principales. ■

En 7 de septiembre de 1950, el Secretario de Hacienda, a tenor con las disposiciones de la sección 57(c) de la Ley de Contribuciones sobre Ingresos de 1924, notificó al recurrente Gonzalo Almodóvar una tasación de emergencia o preventiva (*jeopardy assessment*) por la suma de $2,957,070.08 que cubría los años contributivos 1941 a 1948. Varios días después el contribuyente presentó la petición de reducción prevista por la sección 62(a) la cual acompañó con una fianza por la suma de $123,913.34, que era la única que de conformidad con su situación económica podía prestar. Esta fianza fue aprobada por el Secretario en 11 de julio de 1951 a fin de proporcionar al recurrente la oportunidad de ventilar administrativamente el alcance de su responsabilidad contributiva. Después de celebrada una vista administrativa, y mediante una nueva notificación bajo la sección 57(a) se redujo la deficiencia para los años 1943 a 1948 a la suma de $1,844,444.12, pues, entre otras cosas, se eliminó la imputación de fraude de la notificación original, que con-

llevaba una penalidad de 50 por ciento de la deficiencia. Nuevamente se solicitó y celebró otra vista administrativa, y como resultado de la misma se hizo en 5 de febrero de 1952, una notificación final para los años indicados por un monto de $570,200.82. La impugnación judicial de esta actuación del Secretario es el objeto de la querella radicada en 3 de marzo de 1952 ante el anterior Tribunal de Contribuciones bajo el número I-322, en la cual se alegó que, con anterioridad a su radicación, el querellante "ha presentado ante el demandado y sujeta a su aprobación, una fianza para responder al demandado del cobro de cualesquier deficiencia, si alguna finalmente resultare."

Mientras tanto, y en lo que respecta a los años 1941 y 1942, el Secretario confirmó la notificación original en 7 de abril de 1953, y, solicitada reconsideración, se hizo en 4 de junio de 1953 una notificación final a tenor con la sección 62(b), por un monto total de $256,622.34. En la notificación dirigídale se exigió al contribuyente la prestación de una fianza por la suma de $267,000. Contra esta actuación se interpuso querella en 7 de julio siguiente bajo el número I-379 del desaparecido Tribunal de Contribuciones. Se alegó expresamente que el demandante, con anterioridad a la presentación de la querella, había presentado ante el demandado y sujeta a su aprobación, una fianza para responderle del cobro de la deficiencia que finalmente resultare.

En ambos casos la fianza a que se refería el contribuyente como que había prestado era la que por la suma de $123,913.34 había acompañado con su solicitud de reducción bajo la sección 62(a), e indudablemente intentó acogerse a lo dispuesto en el artículo 2(A)(1) de la Ley Núm. 235 de 10 de mayo de 1949, 13 L.P.R.A. sec. 282, que en lo pertinente dispone que "cuando se apele de una determinación final del Secretario de Hacienda denegando una reclamación de reducción, el contribuyente no tendrá que prestar la fianza requerida por esta sección si la fianza que se ha acom-

pañado a la reclamación de reducción, a juicio del Secretario de Hacienda, garantiza la contribución tasada hasta su completo pago." Conviene recordar que la ley citada vigente a la fecha en que se iniciaron ambas querellas exigía como requisito previo de carácter jurisdiccional la prestación de una fianza "a favor de éste y ante éste [el Secretario de Hacienda], sujeta a la aprobación de dicho funcionario, por el monto de la contribución notificada, más intereses computados por el período de un (1) año al tipo del seis (6) por ciento anual."

En relación con ambas querellas se solicitó la desestimación por el incumplimiento por el querellante del requisito de prestación de fianza en la forma descrita y porque la prestada no había sido aprobada por el Secretario por considerarla insuficiente. Así se resolvió en 18 de febrero de 1953 en el caso I-322. Interpuso recurso de apelación para ante este Tribunal, y luego de haberse reenactado la sección 57 mediante la Ley Núm. 9 de 8 de octubre de 1954, Leyes, pág. 123, (¹) se revocó la misma mediante sentencia de 28 de junio de 1957, que en su parte dispositiva lee como sigue:

"[S]e revoca la sentencia dictada el 18 de febrero de 1953 por el Tribunal Superior de Puerto Rico, Sala de San Juan, por la que se desestimaron los procedimientos por falta de jurisdicción y se ordenó el archivo de la demanda, y se devuelve el caso al tribunal a quo para que éste, luego de celebrar una audiencia y oir a las partes, dicte resolución 'bien sosteniendo el monto de la fianza requerida por el Secretario de Hacienda, bien reduciendo el mismo, bien exonerando al contribuyente de

(¹) En términos generales, la Ley Núm. 9 de 8 de octubre de 1954, *supra*, atemperó el rigor de las disposiciones anteriores citadas en el texto de esta opinión que exigían, como requisito jurisdiccional, la prestación—invariablemente—de una fianza por el monto total de la deficiencia e intereses por una anualidad, y proveyó un procedimiento para el caso de que el contribuyente no pudiere prestar la fianza de solicitar se le exonerara de su prestación, o se redujera su monto, o se revisara la determinación administrativa rechazando cualquier fianza prestada por el contribuyente.

la prestación de fianza, o bien aprobando la fianza que rechazó el Secretario u ordenando al contribuyente que preste otra', de conformidad con los trámites que para esos fines fija la aludida Sección 57 de la Ley, según reenactada en 1954."

En cumplimiento de nuestro mandato, y de conformidad con las disposiciones vigentes sobre afianzamiento durante el trámite judicial, el tribunal de instancia celebró una audiencia, y después de considerar la situación económica del contribuyente, en 12 de noviembre de 1958, le ordenó prestar *una nueva fianza* por la suma de $150,000, y determinó específicamente la forma en que se constituiría la misma. Así, indicó que el contribuyente constituiría una hipoteca sobre los bienes inmuebles que poseía a los cuales se había hecho mención durante la vista, otra hipoteca sobre los bienes muebles que tenía en sus negocios de taller para la confección de pañuelos y establecimiento de mercancía seca, con excepción de las existencias de este último, y que cedería al Secretario un crédito hipotecario sobre propiedad inmueble que había sido constituido a su favor. Determinó que la distribución de responsabilidad se haría en los documentos correspondientes "de acuerdo con el Secretario de Hacienda." Ante una solicitud de la parte demandante para que se le devolvieran los documentos de la fianza acompañada con la solicitud de reducción, las partes convinieron en que *"siguiese en pie la misma fianza que había sido prestada . . .* pero con la condición de que dicho demandante *ampliara* la fianza a la cantidad de $150,000." Resumiendo, todo el incidente se limitó a que el recurrente ampliara la garantía por una suma adicional de $26,086.66, ya que la fianza original era por $123,913.34.

En 18 de marzo de 1959 el contribuyente radicó en la secretaría del tribunal una moción que intituló sobre consignación de fianza con la cual acompañó varios documentos para dar cumplimiento a la resolución de 12 de noviembre anterior. Se expresó que "habiendo el demandante mostrado al demandado dichos documentos e .invitado al demandado a

suscribir la estipulación sobre consignación de fianza . . . el demandado se negó por su representación legal a firmar dicha estipulación." En un escrito radicado por el Secretario se aclara que la negativa de sus abogados a firmar la estipulación mencionada obedeció a su criterio de que los documentos de fianza debían radicarse con el Secretario de Hacienda y no en la secretaría del tribunal.

Cuando apenas habían transcurrido dos días de la expiración del término final concedido al contribuyente para prestar la fianza, el Secretario solicitó la desestimación y archivo de las querellas fundándose en el incumplimiento por el demandante de la orden sobre ampliación de fianza. Adujo que este incumplimiento surgía de la omisión de someter la fianza al Secretario e invocó igualmente la sección 57(a)6 que dispone que cuando el tribunal determine que el contribuyente debe prestar una fianza, "la misma será sometida al Secretario para su aprobación, dentro de un término razonable fijado por el Tribunal . . . que en ningún momento deberá exceder de 60 días a partir de la fecha en que la resolución del Tribunal fijando dicha fianza sea firme y ejecutiva."

En 1 de mayo de 1959 el tribunal de instancia declaró sin lugar la moción sobre consignación de fianza presentada por el demandante y con lugar la moción de desestimación de las demandas y decretó su archivo, y al efecto emitió lo que denominó como "resolución," que en su parte pertinente lee como sigue:

"Entendemos que por disposición de ley la fianza en todo caso tiene que ser prestada a favor del Secretario de Hacienda y ante él, y que no puede ser presentada, como ha ocurrido en este caso, en el Tribunal, especialmente cuando no se le notificó, dentro del término, al demandado de la moción de consignación de fianza ni de los documentos que [se] acompañan a la misma."

En 4 de junio siguiente, a los veintisiete días de haberse archivado en autos constancia de la notificación a las partes

de la "resolución" de 1 de mayo, el contribuyente presentó una solicitud de revisión ante este Tribunal.    Expedimos el auto.    ▮

En *Gómez* v. *Tribl. de Contribuciones y Tesorero*, 73 D.P.R. 471 (1952), interpretando las disposiciones que exigen la prestación de fianza como requisito jurisdiccional contenidas en el artículo 2(A)(1) de la Ley Núm. 235 de 1949, supra, dijimos que la prestación a favor del Tesorero y *ante éste*, sujeta a su aprobación, debe cumplirse estrictamente por ser una condición impuesta por el soberano para que se le demande.    Ahora bien, en el presente caso la fianza original fue prestada ante el Secretario y aprobada por éste para los efectos del trámite de la petición de reducción.    Todo cuanto se exigió posteriormente fue una *ampliación* de la ya prestada, en la forma específicamente dispuesta por el tribunal.([2])    No vemos cómo a esta ampliación por la suma de $26,086.66 deba extendérsele el requisito de que la fianza se preste ante el Secretario cuando ello derrotaría el derecho del contribuyente a impugnar deficiencias por cerca de tres cuartos de millón de dólares.    La condición de que la fianza se preste ante el Secretario responde a la necesidad de ofrecer a dicho funcionario la oportunidad de examinarla a los fines de determinar sobre su suficiencia.([3])    Pero en este

---

([2]) Como cuestión de hecho los bienes ofrecidos en garantía para la fianza hipotecaria son los mismos, excepto que responden de cantidades distintas.    En la fianza original, los bienes inmuebles respondían de $54,350.00, mientras que ahora responden de $88,000; los bienes muebles se hipotecaron en 1950 para responder de $25,420.00; en 1959 por $19,020.00.    En ambas fianzas se incluye la cesión de un crédito hipotecario por $44,143.34.

([3]) Es significativo que en el documento de fianza original el contribuyente manifieste que "habiendo nosotros radicado en 21 de septiembre de 1950 una reclamación de reducción de deficiencia al amparo de la sección 62(a) de la vigente Ley de Contribución sobre Ingresos, nos fue exigida por el Hon. Tesorero de Puerto Rico una fianza hipotecaria por la suma de CIENTO VEINTITRÉS MIL NOVECIENTOS TRECE DÓLARES CON TREINTA Y CUATRO CENTAVOS ($123,913.34), o sea el valor total de nuestros bienes muebles e inmuebles susceptibles de ser gravados con hipoteca, para responder del pago de aquella parte de la deficiencia que no fuese rebajada, asimismo de los intereses y penalidades sobre la misma, según

caso específico ya la cuestión de suficiencia había sido resuelta por el propio tribunal que hasta se había adelantado a señalar la forma en que debía prestarse la garantía por $150,000, que era la máxima dentro de las circunstancias económicas del contribuyente que éste podía ofrecer. La cuestión había trascendido la esfera administrativa y se encontraba dentro del ámbito judicial. Siendo ello así, erró el tribunal a quo al desestimar las querellas.

*Se revocará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 1 de mayo de 1959, y se devolverá el caso para ulteriores procedimientos consistentes con esta opinión.*

dispone la indicada ley." Como indicamos anteriormente, el Secretario aprobó esta fianza en 11 de julio de 1951. Debemos presumir, por consiguiente, que estimó que la misma era *suficiente* para responder de la suma afianzada.