ENRIQUE SEGARRA, JR., y MARIANO CANALES DELGADO, demandantes y recurridos, *v.* SECRETARIO DE HACIENDA, demandado y recurrente.

*Número:* R-64-252      *Resuelto:* 28 de febrero de 1967

*J. B. Fernández Badillo, Procurador General,* y *J. F. Rodríguez Rivera, Procurador General Auxiliar,* abogados del recurrente; *Rivera Zayas, Rivera Cestero & Rúa,* abogados de los recurridos.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala, y los Jueces Asociados Señores Santana Becerra, Rigau y Ramírez Bages.

El Juez Asociado Señor Pérez Pimentel emitió la opinión del Tribunal.

Los recurridos Enrique Segarra, Jr., y Mariano Canales Delgado, tenían constituida una sociedad profesional para el ejercicio de la profesión de la abogacía bajo el nombre de "Canales y Segarra". En 2 de abril de 1963 y luego de celebradas vistas administrativas, el Secretario de Hacienda notificó deficiencias finales de contribución sobre ingresos a los socios correspondientes a los años contributivos 1957, 1958 y 1959. Las deficiencias se fundaron en el recibo de beneficios por los socios que no fueron incluidos en sus planillas individuales de contribución sobre ingresos radicadas por ellos durante los años en controversia.

No estando conformes con la determinación final de deficiencias notificádasle por el Secretario de Hacienda, los contribuyentes radicaron sendas demandas ante el Tribunal Superior en 23 de abril de 1963. Acompañaron a sus demandas y radicaron en dicho Tribunal documentos originales de fianzas para garantizar las aludidas deficiencias contributivas.

Se notificó con copias de estas demandas al Secretario de Hacienda el día 1ro. de mayo de 1963. Junto con las copias de las demandas se notificó y radicó con dicho funcionario copias parciales fotostáticas de los documentos originales de fianza radicados en el Tribunal Superior.

Al contestar las demandas el Secretario de Hacienda impugnó la jurisdicción del Tribunal Superior para entender en los casos, fundándose en que los demandantes no prestaron las fianzas requerídasle conforme lo dispone la Sec. 272(a)(2) de la Ley de Contribución sobre Ingresos de 1954, según enmendada. Se fundó el Secretario en que 1) los originales de las fianzas no se presentaron ante el Secretario para su aprobación dentro del término legal, y 2) las copias fotostáticas parciales de los documentos de fianza que se le notificaron junto con las copias de las demandas no contenían el reconocimiento de las firmas del principal, ni del agente autorizado de la compañía aseguradora, y, además, que en cuanto al caso de Canales la copia fotostática de la fianza no estaba firmada por el contribuyente.

Un examen y comparación de las copias de las fianzas notificadas al Secretario con los originales de dichos documentos radicados en el Tribunal Superior, revela que efectivamente las copias servidas al Secretario son copias fotostáticas parciales de los originales, tal y como las describe dicho funcionario.

A pesar de ser esto así y después de celebrarse una vista sobre la cuestión jurisdiccional, el tribunal de instancia resolvió en 16 de septiembre de 1963 que como el demandado tenía conocimiento dentro del término de ley de las fotocopias

de las fianzas, éstas habían sido presentadas a él y estaban sujetas a su aprobación. En su consecuencia desestimó el planteamiento jurisdiccional hecho por el Secretario de Hacienda y le concedió a éste un término de 10 días "para alegar en cuanto a la aprobación de la fianza prestada" y de no haber alegación o impugnación de la misma dentro de dicho término se entenderían aprobadas.

Luego de celebrarse una vista en los méritos y después de formular conclusiones de hechos y de derecho, el Tribunal Superior dictó sentencia declarando con lugar las demandas y anulando las deficiencias contributivas impugnadas por los contribuyentes demandantes.

Acordamos revisar dicha sentencia.

### I Jurisdicción de este Tribunal

En su escrito de oposición a la expedición del auto de revisión, los demandantes recurridos impugnaron la jurisdicción de este Tribunal alegando que el recurso fue interpuesto después de vencido el término legal que para ello tenía el demandado recurrente. Arguyen que el término para solicitar la revisión de la sentencia comenzó a correr el día 6 de octubre de 1964, fecha en que se archivó en los autos la copia de la notificación de la sentencia; que dicho término no fue interrumpido por las mociones de reconsideración radicadas por el demandado y que el recurso se radicó ante este Tribunal fuera de tiempo, el día 18 de diciembre de 1964.

■ No tienen razón. Es cierto que la notificación de las sentencias se archivaron en los autos el día 6 de octubre de 1964 y que la reconsideración solicitada el 19 del mismo mes fue declarada sin lugar de plano el día 22. Sin embargo, solicitada la reconsideración de esa resolución, el Tribunal la dejó sin efecto y el día 26 de octubre de 1964 la señaló para vista. Fue en noviembre 12 de ese mismo año que el Tribunal dictó resolución declarando sin lugar la moción de reconsi-

deración, la que fue notificada al demandado el día 20 de dicho mes, fecha ésta en que comenzó a correr el término para solicitar la revisión de la sentencia, todo ello conforme a la doctrina del caso de *El Mundo, Inc.* v. *Tribunal Superior*, 92 D.P.R. 791 (1965).

## II Jurisdicción del Tribunal Superior

■ Cuando el Secretario de Hacienda hace una notificación final de deficiencia en la contribución sobre ingresos, expresa en dicha notificación el monto de la fianza que debe prestar el contribuyente si éste desea recurrir ante el Tribunal Superior contra la determinación del Secretario. La demanda debe radicarse, salvo el caso de los herederos previsto en la ley, dentro del término de 30 días a partir de la fecha del depósito en el correo de la notificación de la determinación final. Como paso previo a la radicación de la demanda, el contribuyente debe prestar una fianza a favor del Secretario, ante él y sujeta a su aprobación por el monto expresado en la determinación final o el de la contribución que se litigue. Tanto la prestación de la fianza como la radicación de la demanda dentro de los términos de ley son requisitos cuyo cumplimiento es indispensable para que el Tribunal Superior pueda conocer del asunto. Así lo dispuso expresamente nuestra Asamblea Legislativa al aprobar la Sec. 272(a)(2) de la Ley de Contribución sobre Ingresos de 1954 (13 L.P.R.A. sec. 3272), según enmendada, y que en lo pertinente preceptúa:

"(2) Cuando un contribuyente no estuviere conforme con una determinación final de deficiencia notificádale por el Secretario en la forma provista en el párrafo (1), el contribuyente podrá recurrir contra dicha determinación ante el Tribunal Superior, radicando demanda en la forma provista por ley dentro del término de 30 días a partir de la fecha del depósito en el correo de la notificación de la determinación final, previa prestación

de fianza a favor del Secretario, ante éste, y sujeta a su aprobación, por el monto expresado en la mencionada notificación de la determinación final; . . . . Salvo lo de otro modo dispuesto en este apartado, tanto la prestación de la fianza por el monto expresado por el Secretario en la notificación de la determinación final, como la radicación de la demanda en el Tribunal' Superior, ambas cosas dentro del término anteriormente provisto, serán requisitos sin el cumplimiento de los cuales el Tribunal Superior no podrá conocer del asunto." (¹)

■ La prestación de la fianza ante el Secretario de Hacienda a favor de éste y sujeto a su aprobación, por la cuantía y dentro del término provisto por ley, al igual que la radicación de la demanda dentro del término legal, son requisitos jurisdiccionales sin cuyo cumplimiento estricto el Tribunal Superior carece de jurisdicción para conocer del asunto. *Gómez* v. *Tribl. Contribuciones y Tesorero*, 73 D.P.R. 471 (1952). La frase ". . . serán requisitos sin el cumplimiento de los cuales el Tribunal Superior no podrá conocer del asunto" no puede tener otro alcance que el de privar al Tribunal Superior de facultad para conocer del asunto cuando no se ha dado cumplimiento a ambos requisitos, lo que equivale a decir que en tal caso el Tribunal carece de jurisdicción.

En el caso de *Gómez* v. *Tribl. Contribuciones y Tesorero*, supra, este Tribunal interpretó el Art. 2 (a) (1) de la Ley Núm. 235 de 10 de mayo de 1949 que exigía el cumplimiento previo de los dos requisitos jurisdiccionales que hoy exige la citada Sec. 272. Si bien la referida Ley Núm. 235 de 1949 no contenía el mecanismo que hoy tiene la Ley de Contribución sobre Ingresos de 1954 en virtud del cual un contri-

---

(¹) El precepto salva los casos en que (1) el contribuyente paga la parte de la contribución con la cual está conforme y litiga el resto en cuyo caso el monto de la fianza no excede el monto de la contribución que se litiga, y (2) cuando un contribuyente falleciere en o después de la fecha del depósito en el correo de la notificación de la determinación final, pero antes de expirar el término de 30 días, se extiende a sus herederos el término hasta 60 días para prestar la fianza y radicar la demanda en el Tribunal Superior.

buyente puede quedar relevado de la prestación de la fianza para acudir al Tribunal Superior, la doctrina sobre el cumplimiento de los requisitos jurisdiccionales no ha quedado alterada, especialmente cuando en un caso como el presente dicho mecanismo no entra en juego porque no se trata en estos casos de contribuyentes que (1) no podían prestar la fianza por el monto requerídole por el Secretario, o no podían prestar fianza, (2) prestaron la fianza por el monto requerídole ante el Secretario y éste la rechazó antes de radicarse la demanda. Tampoco se trata aquí de que los contribuyentes hubieren prestado la fianza por el monto requerídole y antes de radicar sus demandas no hubieren sido desaprobadas por el Secretario de Hacienda. Véase Sec. 272(a)(4) y (5) de la Ley de Contribuciones sobre Ingresos de 1954, según enmendada.

■ La posición del Secretario de Hacienda ha sido que los contribuyentes no prestaron ante él y sujeta a su aprobación dentro del término legal, las fianzas por el monto requerídoles. Esa posición es correcta. Los documentos de fianzas que se le notificaron junto con la copia de las demandas y que consistían en copias fotostáticas parciales de otros documentos de fianza radicados en la Secretaría del Tribunal Superior, eran insuficientes en ley para que el Secretario pudiera hacer una determinación sobre su aprobación o desaprobación. La radicación de la fianza ante el Tribunal Superior, cuando no surge el caso en que la propia ley así lo autoriza o dispone, es una desviación sustancial del mandato legislativo equivalente al incumplimiento de uno de los requisitos indispensables para investir al Tribunal Superior de jurisdicción en el asunto.

Ante el lenguaje terminante del estatuto no podemos convenir con los recurridos en que la posición del Secretario de Hacienda descansa en una sutileza procesal. Los recurridos, radicaron a su riesgo las fianzas ante el Tribunal

Superior, haciendo caso omiso de las taxativas disposiciones de la ley. La consecuencia es que por su propia acción, privan al Tribunal Superior de facultad para conocer del asunto. Véase el caso de *Secretario de Hacienda* v. *Tribunal Superior, Certiorari* Núm. 63–76, resuelto en 14 de noviembre de 1963; *Almodóvar* v. *Srio. de Hacienda,* 85 D.P.R. 745 (1962).

*Por los fundamentos expuestos, se revocan las sentencias objeto de revisión y se dictará otra desestimando las demandas por falta de jurisdicción del Tribunal Superior.*