SECRETARIO DE HACIENDA DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE SAN JUAN, HON. LUCAS F. SERBIÁ CÓRDOVA, JUEZ, demandado; SUCN. HÉCTOR BUSIGÓ, interventora.

*Número:* O-73-178          *Resuelto:* 29 de mayo de 1975

*J. F. Rodríguez Rivera* y *Peter Ortiz, Procuradores Generales Interinos,* y *Ruth Tentori de Lebrón Velázquez, Procuradora General Auxiliar,* abogados del peticionario; *Jorge Vigo Cifre,* abogado del interventora.

PER CURIAM: El Tribunal Superior no adquiere jurisdicción para revisar una notificación final de deficiencia en relación con el pago de la contribución sobre ingresos a menos que el contribuyente presente una demanda dentro del término de treinta días a partir de la fecha del depósito en el correo de la notificación aludida y previa la prestación de una fianza a favor del Secretario de Hacienda y sujeta a su aprobación, por el monto expresado en dicha notificación final.[1] 13 L.P.R.A. sec. 3272(a)(2). Ambos son requisitos jurisdiccionales sin cuyo cumplimiento estricto el Tribunal Superior carece de jurisdicción para conocer del asunto. *Segarra, Jr.* v. *Srio. de Hacienda,* 94 D.P.R. 168 (1967); *Gómez* v. *Tribl. Contribuciones y Tesorero,* 73 D.P.R. 471 (1952).

La ley dispone que en el evento de que el contribuyente no pudiere prestar la fianza por la suma requerida, o no pudiere prestar fianza alguna, deberá acompañar una solicitud que será notificada al Secretario de Hacienda junto con la demanda, pidiendo al tribunal que reduzca el monto de la fianza, o le exonere de prestarla y expondrá las razones que tuviere para ello. 13 L.P.R.A. sec. 3272(a)(4).

En el caso de autos el Secretario de Hacienda notificó a la contribuyente, Sucesión de Héctor Busigó, en 14 de junio de 1971, una "Resolución sobre Reconsideración de Deficiencia" por la suma de $14,731.91 por los años contributivos 1963

---

[1] El contribuyente puede optar por pagar la parte de la contribución con la cual estuviere conforme y litigar el resto, en cuyo caso la fianza será no mayor del monto de la contribución que se litigue, más los intereses computados conforme lo dispone la ley. Esta no es la situación ante nos.

a 1966. Exigió una fianza de $15,875.00. (²) No estando conforme con la deficiencia notificada la contribuyente presentó una demanda dentro del término de ley sin hacer petición de que la fianza fuese reducida. Solamente alegó con respecto a la fianza que la misma había sido sometida a la consideración del Negociado de Contribución sobre Ingresos y estaba en vías de aprobación. En 9 de septiembre de 1971 el Secretario solicitó la desestimación de la demanda fundamentada en la insuficiencia de la fianza personal por $10,425.00 prestada en 11 de abril de 1969 (más de dos años antes de haberle cursado la notificación final) sin que el contribuyente hubiere acompañado junto a la demanda la solicitud que exige la ley para la reducción de la fianza que fijó el Secretario para acudir al tribunal.

El contribuyente se opuso a la desestimación alegando haber prestado, antes de recibir la "Resolución sobre Reconsideración de Deficiencia", una fianza ascendente a $14,000.00 consistente de un pagaré hipotecario a favor del Secretario de Hacienda por la suma de $13,000.00 mediante escritura número 11 de 24 de mayo de 1971 ante el Notario Adonis Nieves, más $1,000.00 en efectivo.

El Tribunal Superior celebró una vista sobre la referida Moción de Desestimación radicada por el Secretario y dictó resolución declarando la misma sin lugar y aceptando como suficiente la fianza de $14,000.00 prestada por la contribuyente.

■ Debemos dejar sin efecto la resolución del tribunal de instancia. No habiéndose cumplido con el requisito jurisdiccional de prestación de fianza por el monto exigido por el Secretario en la "Resolución de Reconsideración de Deficiencia", ni habiendo solicitado la contribuyente la reducción de la fianza al momento de la presentación de la demanda conforme lo exige la ley, y siendo dichos requisitos de cumpli-

---

(²) La fianza requerida es siempre mayor que la deficiencia por incluir intereses sobre la deficiencia computados por un año adicional. 13 L.P.R.A. sec. 3272(a)(1).

miento estricto, es forzoso concluir que el tribunal de instancia actuó sin jurisdicción al entender en el incidente de fianza. *Se dejará sin efecto lo actuado y se declarará la demanda sin lugar.*

El Juez Asociado, Señor Irizarry Yunqué, no intervino.

