Miranda De Hostos, Juez Ponente
*1220 TEXTO COMPLETO DE LA SENTENCIA
El día 30 de junio de 1995, el Tribunal de Primera Instancia, Sala Superior de San Juan, emitió una sentencia mediante el procedimiento de sentencia sumaria desestimando una demanda presentada por la parte apelante, Joaquín Sánchez Guzmán contra la parte apelada, el Negociado de Recaudaciones, sobre una revisión de una resolución del Departamento de Hacienda de Puerto Rico, que denegó el reembolso de unas contribuciones alegadamente pagadas en exceso.
Inconforme con la sentencia emitida por el tribunal de instancia, la parte apelante presentó el día 4 de agosto de 1995, un recurso de apelación ante nos, en el cual alega la comisión de los siguientes errores por parte del tribunal de instancia.

"A. Erró el tribunal de instancia pues el plazo para que se de la prescripción en esta causa de acción empezó a correr cuando el apelante tuvo conocimiento del error cometido por el apelado, sus funcionarios o empleados.

B. Erró el tribunal de instancia al no resolver que se violó el debido proceso de ley, por parte del apelado, sus funcionarios o empleados.

C. Erró el tribunal de instancia al desestimar la demanda cuando ha habido un enriquecimiento injusto a favor del apelado y en contra del apelante."

Evaluados los escritos presentados por las partes, procedemos a confirmar la sentencia de desestimación emitida por el tribunal de instancia, por los siguientes fundamentos 
I
Dado que en síntesis los errores señalados se resumen a determinar si el tribunal de instancia erró al decretar que el Secretario de Hacienda no tenía que devolver la contribución pagada en exceso para los años 1983-84 al 1987-88, procedemos a discutir los tres (3) errores en conjunto.
Los hechos que no están en controversia y que fueron determinados por el tribunal de instancia para la adjudicación de la desestimación de la demanda son los siguientes.
La parte apelante y su esposa son dueños de un solar y una casa en la Urbanización Santa Ana de Río Piedras. En el 1976, se hizo una revisión de la tasación por haberse construido una segunda planta en la estructura y se le concedió al apelante una exoneración del cincuenta por ciento (50%) del pago de contribuciones desde el año fiscal 1976-77 en adelante.
Al mecanizarse el sistema de contabilidad en el Departamento de Hacienda para el año 1983 y por error de dicha agencia, se eliminó la exoneración a que tenía derecho el apelante. Se le impuso la contribución sobre el valor total de tasación del inmueble, circunstancias que el apelante y su esposa desconocían.
Al apelante se le había asignado un determinado número de cuenta y el 9 de octubre de 1991, en *1221 una visita que realizó a la oficina de tasación de la propiedad, para cambiar eí número de cuenta asignado, por el número de seguro social, se percata por primera vez, que se le había eliminado la exoneración contributiva. Ese mismo día el apelante solicitó en dicha agencia el reembolso de lo pagado en exceso.
Al evaluar dicha solicitud el Secretario de Hacienda sólo le reembolsó el importe pagado en exceso de los cuatro (4) años anteriores a la fecha de la solicitud de reintegro, es decir los años contributivos del 1987-88 al 1991-92, denegando el reembolso para los años fiscales 1983-84 al 1987-88. Como fundamento para denegar el derecho al-reembolso el Secretario de Hacienda alegó, que. la solicitud del mismo se había interpuesto transcurridos‘los cuatro (4) años desde que-se hizo el pago- indebido de contribuciones, según lo establece la Ley Núm. 232 de 10 de mayo de 1949, según enmendada, 13 L.P.R.A. see. 261, por lo cual estaba prescrita la solicitud.
Mediante el procedimiento dispuesto por ley, la parte aquí apelante acudió al Tribunal de Primera Instancia, Sala Superior de San Juan, donde planteó que su acción no estaba prescrita como alegaba el Secretario de Hacienda, pues el término de cuatro (4) años-dispuesto por la ley para reclamar el reembolso de contribuciones pagadas en exceso, debía contarse no desde que se realizó el pago, sino desde que él tuvo conocimiento de que realizó un pago indebido. El tribunal de instancia luego de evaluar las alegaciones de ambas partes y a través del procedimiento de sentencia sumaria desestimó la demanda y resolvió que el Departamento de Hacienda actuó conforme a derecho al no reembolsarle ' las contribuciones solicitadas por estar prescritas. De dicha sentencia se apela ante nuestra consideración.
II
Dentro del marco conceptual del Art. 1 de la Ley Núm. 232 de 10 de mayo de 1949, 13 L.P.R.A. see. 261, titulada, Reintegro administrativo o crédito por contribuciones; apelación contra denegatoria, queda claramente establecido lo siguiente:
"Cuando algún contribuyente creyere que ha pagado o que le ha sido cobrada ilegal o indebidamente, o en exceso de la cantidad debida, una contribución de cualquier clase, excepto las contribuciones impuestas por la Ley de Contribuciones Sobre Ingresos de 1954, Subtítulo 9 de este título, cuyos créditos o reintegros están autorizados por dicha Ley, podrá solicitar del Secretario de Hacienda de Puerto Rico, por escrito y exponiendo los fundamentos que tuviere para ello el crédito o reintegro de la misma; disponiéndose que no se concederá crédito o reintegro alguno de contribuciones cubiertas por las sees. 261 y 262 de este título cobradas o pagadas ilegal o indebidamente, o en exceso de la cantidad debida, después de transcurridos cuatro (4) años desde la fecha del pago de dichas contribuciones, a menos que antes de vencidos dichos cuatro (4) años el contribuyente radicare con el Secretario de Hacienda una solicitud de crédito o reintegro en la forma antes dicha ni deberá el monto del crédito o reintegro exceder de la parte de la contribución que hubiere sido pagada durante los cuatro (4) años inmediatamente precedentes a la fecha de la solicitud de crédito o reintegro..." (Enfasis suplido.)
El caso ante nuestra consideración presenta un conflicto desde el punto de vista de cuándo es que en realidad debe empezar a computarse el término para reclamar un reintegro de contribuciones pagadas en exceso, si desde la fecha en que tiene conocimiento el contribuyente que se realizó el pago indebido o desde la fecha en que se hizo el pago. La parte apelante alega que el interpretar la citada disposición de ley literalmente como lo hizo el Secretario de Hacienda lo privaría de su derecho constitucionalmente protegido del debido proceso de ley y equivaldría a un enriquecimiento injusto a favor de la parte apelada. No estamos de acuerdo con estas alegaciones por los siguientes fundamentos de derecho.
III
Nuestro más alto foro ha resuelto que el principio de que las reclamaciones tienen un término, fuera del cual no se pueden instar, protege fundamentalmente dos intereses. En primer lugar, ampara a la parte contra la cual puede instarse una reclamación al evitar, fijando un término, que esté expuesta a ella ad infinitum; y en segundo lugar, a la parte reclamante le brinda un término razonable dentro del cual puede vindicar su derecho. Ahora bien, ninguno de los intereses son absolutos. Por esta razón, al evaluar y analizar bajo nuestro ordenamiento civil cuándo ha quedado interrumpido un término *1222 prescriptivo, ambos valores deben ser tomados en consideración. Rivera Castillo v. Municipio de San Juan, opinión de 9 de junio de 1992, 92 J.T.S. 70, págs. 9565-9566.
El Tribunal Supremo ha reiterado su deber de interpretar las leyes y estatutos de modo que prevalezcan sus propósitos legislativos esenciales. "Estamos obligados a dilucidar el significado de una ley 'tomando en consideración los fines que persigue y en forma tal que la interpretación se ajuste al fundamento racional o fin esencial de la ley y a la política pública que inspira.' " Federal Deposit Insurance Corporation v. Municipio de San Juan, opinión de 28 de octubre de 1993, 9 J.T.S. 133, pág. 11150; Esso Standard Oil v. A.P.P.R., 9 D.P.R. 772, 785 (1968).
En lo pertinente a la disposición de ley que nos ocupa el Tribunal Supremo resolvió refiriéndose a la sección 64(b) de la Ley de Contribuciones sobre Ingresos, disposición que precedió a la actual ley que: "[n]o se concederá ningún crédito o reintegro después de cuatro años desde la fecha de pago de la contribución a menos que antes de vencidos esos cuatro años el contribuyente radique una reclamación..." González Padín v. Tribunal de Contribuciones, 66 D.P.R. 964 989 (1947).
Nos comenta el profesor Meléndez Carrucini en su obra sobre procedimiento contributivo, que los créditos y reintegro bajo la Ley 232 del 10 de mayo de 1949 supra, pueden subdividirse en dos (2) trámites: el administrativo y el judicial. En el administrativo, que es el que nos ocupa, establece que la petición de crédito o reintegro debe someterse al Secretario de Hacienda por escrito, fundamentada y debe radicarse antes de que transcurran más de cuatro (4) años desde la fecha en que se pagó la contribución. G. Meléndez Carrucini, Procedimiento Contributivo de Puerto Rico, Instituto de Contribuciones, Inc., 1981, págs. 915-916.
Sobre otras disposiciones impositivas fiscales nuestro Tribunal Supremo ha resuelto que el derecho a arbitrios ilegal o erróneamente cobrados, surge periódicamente según van pagándose bajo protesta y el período de prescripción para solicitar el reintegro se inicia al efectuarse cada uno de los pagos. San Juan Trading Co. v. Secretario de Hacienda, 80 D.P.R. 801, 821 (1958).
De un examen de los hechos, se desprende que la parte apelante se percató del error cometido por el Secretario de Hacienda, en una visita que hizo a dicho departamento para realizar una gestión administrativa. Ese mismo día radicó la solicitud para reclamar el reintegro de las contribuciones pagadas indebidamente. En circunstancias análogas y bajo las disposiciones en la Ley de Contribución Sobre Ingresos, se ha resuelto que los términos para acudir al tribunal a impugnar diferencias contributivas son de naturaleza jurisdiccional. Secretario de Hacienda v. Tribunal Superior, 103 D.P.R. 896, 897 (1975); Segarra Jr. v. Secretario de Hacienda, 94 D.P.R. 168, 173 (1967).
Como principio de Derecho Tributario se ha establecido "[q]ue las deducciones, los créditos y los reintegros, por ser gracias legislativas del contribuyente, se interpretan restrictivamente en contra de aquél que las invoca." Federal Deposit Insurance Corporation v. Municipio de San Juan, supra, pág. 11151; Central Igualdad v. Secretario de Hacienda, 83 D.P.R. 45, 50 (1961). El derecho a reclamar la devolución de contribuciones sólo puede ejercitarse bajo el estatuto que lo autoriza y sujeto a todas sus condiciones y limitaciones ya que éstas "[fjorman parte integrante del mismo; son condiciones precedentes, por así decirlo, que tienen que ser cumplidas o el derecho no existe...". R. Santaella & Bros. v. Tribunal de Contribuciones, 66 D.P.R. 868, 877-880 (1947).
Coincidimos con la conclusión de derecho del Secretario de Hacienda y del tribunal de instancia, de que el período para efectuar el pedido de reintegro, debe comenzar a computarse desde la fecha en que se realizó el pago indebido y no desde que se tuvo conocimiento de la realización del mismo. Por lo cual la parte apelante venía obligada a reclamar el reintegro de contribuciones dentro del plazo de cuatro (4) años desde la fecha del pago de dichas contribuciones conforme lo dispone la ley.
IV
De ordinario, una acción judicial que requiere un fallo sobre si procede o no imponer y cobrar una contribución o si existe la obligación o no de pagarla es una demanda contra el Estado y requiere el consentimiento del mismo para que se le demande. En tal caso hay que seguir estrictamente el modo y manera de demandarlo dispuesto en el consentimiento dado y han de cumplirse los requisitos previos exigidos entre éstos, la de su presentación dentro del término prescriptivo que dispone la ley. *1223 Vizcarrondo v. Secretario de Hacienda, 114 D.P.R. 566, 574 (1983); Larroca v. Aboy, 82 D.P.R. 492, 498-499 (1961).
Es principio legal establecido que el Estado no puede ser demandado sin su consentimiento. Por lo tanto, al permitir ser demandado, está dentro de sus facultades, la de imponer las condiciones que estime convenientes y a su vez la de retirar o limitar su consentimiento cuando la política pública así lo requiera. Mayaguez Light v. Tribunal de Contribuciones, 68 D.P.R. 519, 523, (1948). Nuestro más alto foro, en el caso de Defendini v. E.L.A., opinión de 15 de julio de 1993, 93 J.T.S. 119, pág.11004, profundizó sobre la doctrina de-inmunidad del Estado, sus alcances y las limitaciones que se pueden imponer como parte de la política pública, reiterando que se tiene que dar fiel cumplimiento a los requisitos dispuestos por ley para demandarlo.
La situación de autos está acorde con esta doctrina pues siendo la Ley Núm. 232, supra, una excepción a dicha doctrina, es precisamente el término de cuatro (4) años dispuesto en la sección 261, supra, una de las condiciones impuestas por el Estado para dar su consentimiento a que lo demanden en circunstancias como las presentes, por lo cual se requiere de su fiel cumplimiento.
El interés de la parte apelante al efectuar su reclamación se afectó como correctamente señaló el tribunal de instancia, por no ejercitar su causa de acción según el término establecido en la disposición de ley pertinente. Como la parte apelante dejó de utilizar a tiempo el remedio provisto en ley, permitió que su derecho de acción bajo el estatuto prescribiera. En ausencia de una ley que reviviera el derecho que perdió, estaba imposibilitado de reclamar las contribuciones pagadas en exceso, aduciendo que el término debía empezar a decursar a partir de que él tuvo conocimiento del referido pago. Al momento de hacer su reclamación ya había transcurrido el plazo de cuatro (4) años provisto en ley para interponerla, por lo cual no se puede interpretar en detrimento de la política fiscal del Estado, que el estatuto es erróneo y permitir que se reclame un derecho que estaba prescrito.
El no radicar a tiempo su solicitud privó al apelante de que el Secretario de Hacienda le concediera el remedio establecido en ley por estar prescrito. Sin embargo, no se le privó al apelante de su derecho al debido proceso de ley tanto al nivel de la agencia administrativa como en el foro judicial, donde pudo presentar sus alegaciones y las mismas fueron adjudicadas conforme el estado de derecho vigente. Cf. Rodríguez Rodríguez v. ELA, opinión de 4 de junio de 1992, 92 J.T.S. 63, pág. 9520.
V
En cuanto a la alegación que se presentó sobre enriquecimiento injusto, cabe señalar que tal doctrina basada en la equidad "[n]o se aplicará cuando resulte contrario a una clara política pública plasmada en un estatuto." Hatton v. Municipio de Ponce, opinión de 12 de enero de 1994, 94 J.T.S. 2, pág. 11432; Umpierre v. Torres Díaz, 114 D.P.R. 449, 462 (1983). En el caso ante nuestra consideración según antes lo esbozamos se establece una clara política pública por parte del Estado consignada en la Ley de Contribuciones, por lo cual no es aplicable la doctrina de enriquecimiento injusto. De otra parte al poder judicial le está vedado el suplir la acción legislativa o imponer o cambiar condiciones que la ley no tiene. Municipio de Trujillo Alto v. Cable TV, opinión de 17 de marzo de 1993, 93 J.T.S. 41, pág. 10532.
VI
Considerando todo lo antes expuesto y no estando presente criterios que nos permitan diferir de la conclusión a la cual llego el tribunal de instancia, se confirma la sentencia dictada.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cmz
Secretaria General
ESCOLIO 95 DTA 312
1. La parte apelante presentó sus documentos al apéndice conjunto el 8 de septiembre de 1995 y la parte apelada no presentó moción añadiendo documento alguno, por lo cual concluimos que no tenía objeción al mismo. Sobre el trámite correcto para la preparación del apéndice conjunto véase, Regla 37(E) del Reglamento del Tribunal de *1224 Circuito de Apelaciones.