ALVARO CALDERÓN ACOSTA y CARMEN MONGIL DE CALDERÓN, demandantes y recurrentes, *v.* SECRETARIO DE HACIENDA, demandado y recurrido.

*Número:* R-77-90       *Resuelto:* 19 de mayo de 1977

*Calderón, Rosa Silva & Vargas* y *David Rivé Rivera,* abogados de los recurrentes; *Roberto Armstrong, Jr., Procurador General Interino,* y *Reina Colón de Rodríguez, Procuradora General Auxiliar,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Los Arts. 1 y 2 de la Ley Núm. 60 de 20 de junio de 1958 (13 L.P.R.A. secs. 597, 598) disponen:

Art. 1.—"Por la presente y previo el trámite que más adelante se dispone quedan exentas del pago de contribuciones territoriales aquellas propiedades total o parcialmente afectadas por el mapa oficial, aprobado por la Junta de Planificación a tenor con las secs. 11 y 19 del Título 23; así como aquellas incluidas dentro de un distrito 'P' de un mapa de zonificación y dentro de cualesquiera proyectos de mejoras públicas en áreas zonificadas debidamente aprobadas que requieran la compra o expropiación de dichos solares para la realización de dichos proyectos."

Art. 2.—"El dueño de una propiedad afectada según se dispone anteriormente, podrá presentar al Secretario de Hacienda una solicitud para acogerse a los beneficios de las secs. 597 a 603 de este título, acompañada de una certificación de la Junta de Planificación en la cual se exprese la parte del solar afectado por el mapa oficial o que radique dentro de un distrito 'P' o dentro de cualesquiera proyectos de mejoras públicas como los antes

mencionados. La Junta de Planificación notificará al dueño de una propiedad afectada sobre los derechos que le concede la presente ley.

Para poder disfrutar el dueño de la propiedad afectada de tales beneficios, el contribuyente deberá radicar con el Secretario de Hacienda la solicitud de exención contributiva dentro de los treinta (30) días siguientes a la fecha de dicha notificación, o dentro de los treinta (30) días siguientes a la fecha de la notificación de la imposición contributiva sobre la propiedad afectada, cual de las dos situaciones ocurra primero."

A los recurrentes les fue congelada una propiedad inmueble en mayo de 1965 al ser incluida dentro de un distrito "P" de un mapa de zonificación por la Junta de Planificación la cual nunca notificó a los dueños del terreno afectado por dicha determinación. Cuando nueve años más tarde, el 1ro. de noviembre de 1974, la Administración de Terrenos adquirió la referida propiedad para uso público por precio de $425,000.00, retuvo $9,808.12 por concepto de contribuciones territoriales impuestas a la propiedad en cuestión y adeudadas por los años en que estuvo la propiedad afecta por la referida clasificación "P". Los recurrentes pagaron todas las contribuciones que demandaba el Secretario de Hacienda e instaron solicitud de reintegro fundada en 13 L.P.R.A. sec. 598. El pleito fue sometido en instancia con la siguiente estipulación:

"Que cada año envuelto en este caso, el demandado Secretario de Hacienda notificó las contribuciones y que el contribuyente no solicitó la exención dentro de los treinta (30) días de la notificación y que la notificación remitida por el Secretario de Hacienda no contenía información indicando que la propiedad estaba zonificada para ese año en particular, por la Junta de Planificación como Zona 'P'."

Tanto el contribuyente como el Secretario solicitaron sentencia sumaria y el Tribunal Superior la dictó a favor del Gobierno resolviendo que era tardía la reclamación de exención que debió formular el contribuyente "dentro de los treinta (30) días siguientes a la fecha de la notificación de la imposi-

ción contributiva sobre la propiedad afectada." (13 L.P.R.A. sec. 598, *supra.*)

Expedimos orden para mostrar causa considerando que de los hechos admitidos y probados el contribuyente recurrente nunca tuvo notificación ni aviso de la congelación de su propiedad bajo clasificación "P" por lo que no surgió fecha para cómputo del término dentro del cual puede reclamar su derecho a reintegro. El informe del Procurador General intenta sostener las premisas erróneas que prevalecieron en instancia: que toda vez que esta exención es una gracia legislativa, corresponde al contribuyente a quien Planificación no le notifica la congelación de su propiedad, iniciar por su cuenta averiguaciones periódicas de modo que pueda reclamar exención dentro de los 30 días siguientes a cada notificación anual de que hay un recibo al cobro en Colecturía. La exención concedida por 13 L.P.R.A. sec. 597 no es tal gracia ni privilegio. Es una parcial compensación del perjuicio económico derivado de la congelación que de hecho saca la propiedad del libre comercio de los hombres. "Una clasificación 'P' constituye casi una total congelación. El propietario no puede utilizarlo durante el tiempo que esté así clasificado. Suena casi a una expropiación aunque sin compensación. Parece que el poder de policía del Estado se funde en el de expropiación. Urge ya que las autoridades correspondientes le presten su atención a estas inequidades en el sistema vigente de clasificación de terrenos con miras a corregirlas en bien de una sana administración pública." *Heftler International, Inc.* v. *Junta de Planificación,* 99 D.P.R. 467, 474–75 (1970).

Por ser la exención contributiva un derecho y alivio concedido a quien sufre la dicha clasificación "P", su reclamación no caduca mientras no se le notifique cumplidamente que su propiedad ha sido afectada. La omisión por la Junta de notificar al dueño "sobre los derechos que le concede la presente ley" (13 L.P.R.A. sec. 598) y la falta de tal aviso en los de imposición contributiva no debe ni puede generar la ca-

ducidad de tales derechos. El debido proceso de ley usualmente se inicia con una notificación que en este caso nunca se hizo.

*Se expide el auto, se revocará la sentencia revisada y en su lugar se dictará sentencia sumaria declarando con lugar la demanda.*

El Juez Asociado Señor Dávila se inhibió. El Juez Asociado Señor Martín emitió opinión disidente.

—O—

Opinión disidente emitida por el Juez Asociado Señor Martín.

San Juan, Puerto Rico, a 19 de mayo de 1977

Los contribuyentes no pueden ser favorecidos en las circunstancias que presenta este caso. La demanda, a mi juicio, no aduce hechos constitutivos de una causa de acción contra el Secretario de Hacienda. Las alegaciones de los demandantes no son suficientes para justificar el remedio solicitado.

Se trata de una demanda de reintegro de contribuciones pagadas. Invocan los demandantes el derecho a una exención de contribuciones sobre cierta propiedad inmueble que fuera clasificada por la Junta de Planificación para uso público [1] e incluida dentro de un distrito "P" de un mapa de zonificación en 13 de mayo de 1965.

El estatuto que concede la exención contiene ciertos requisitos con los cuales ha de cumplirse para tener derecho a ella. Comienza expresando que: ". . . *previo el trámite* que más adelante se dispone quedan exentas del pago de contribuciones territoriales aquellas propiedades . . . incluidas dentro de un distrito 'P' de un mapa de zonificación . . . ." 13 L.P.R.A. sec. 597. (Énfasis suplido.) El *trámite previo* a que

---

[1] El inmueble es una finca de 7.7527 cuerdas localizada en el barrio Cupey de Río Piedras. Finalmente, en 1 de noviembre de 1974 la Administración de Terrenos de Puerto Rico adquirió 5.0856 cuerdas de dicha finca mediante el pago de la suma de Cuatrocientos Veinticinco Mil Dólares ($425,000).

se refiere la ley y el alcance de la exención del pago de contribuciones está delineado en las Secs. 598, 600–603 del Título 13, suplementadas éstas por el Reglamento promulgado al efecto. 13 R.&R.P.R. secs. 579–1 a 579–7. ([2])

Hasta el año 1965 la ley no proveía término alguno para presentar la solicitud de exención al Secretario de Hacienda, pero en 26 de junio de ese año se enmendó la ley para establecer un término de treinta (30) días para hacerlo, el que empieza a correr una vez el contribuyente reciba la notificación de la Junta de Planificación informándole sobre los derechos de exención con respecto al solar afectado, o al recibir la notificación de la imposición contributiva del Departamento de Hacienda, cual de las dos situaciones que ocurra primero. Su vigencia fue inmediata y sus efectos se hicieron retroactivos al primero de enero de 1965 para que rigieran para el año fiscal 1965–66. Conforme surge del Informe de la Comisión de Hacienda de la Cámara de Representantes el nuevo requisito de los treinta días "tiene el propósito de limitar el derecho a disfrutar de los beneficios de la exención." *Diario de Sesiones*, vol. 19, parte 5, pág. 1972 (1965).

La exención que concede la ley no es absoluta ni tiene aplicación automática. Puede ser total o parcial dependiendo de ciertos factores señalados en la ley o en el reglamento. Si el terreno está edificado y utilizada la edificación como vivienda propia del dueño, o si está produciendo rentas, la exención se limita al 50% del valor de tasación. Si se utilizare la propiedad como área de estacionamiento para la producción de rentas o para la venta de vehículos de motor, no le cobija la exención. Id. sec. 600. Los terrenos no edificados que estén produciendo rentas tienen un 50% de exención si de llevarse a cabo el proyecto de mejoras públicas no pueda construirse en el remanente del solar por impedirlo los reglamentos de la Junta. Id. sec. 601. La construcción de cualquier es-

---

([2]) Aprobado por el Secretario de Hacienda y radicado ante el Secretario de Estado en 13 de septiembre de 1957, expediente Núm. 76.

tructura o el uso productivo de los terrenos acogidos a la exención será motivo para que el Secretario de Hacienda revise sus determinaciones. Sec. 602. Por reglamento se dispone la forma de calcular la exención parcial si por razón del impedimento causado por la clasificación "P" la propiedad no estuviere rindiendo un ingreso razonable. También se imponen los requisitos con que habrá de cumplir el dueño para obtener los beneficios de la exención parcial. 13 R.&R.P.R. secs. 579–1 a 579–7. Por depender la exención de circunstancias cambiantes la ley señala un procedimiento para revisar cualquier determinación del Secretario. 13 L.P.R.A. secs. 459, 603.

La obligación que impone la ley y el reglamento de rendir una solicitud para acogerse a los beneficios de la exención, constituye la norma que reiteradamente hemos reconocido en casos de exención contributiva al efecto de que recae sobre el contribuyente el peso para reclamar y demostrar su derecho a los beneficios de una exención. Véanse *Club Yaucano v. Secretario de Hacienda,* 83 D.P.R. 623 (1961) ; *Francis v. Tribunal de Contribuciones,* 74 D.P.R. 19 (1952). El contribuyente debe demostrar real y efectivamente que es merecedor de la exención. Es sabido que las exenciones contributivas no deben extenderse más allá de los términos expresos y exactos del estatuto que las otorga y toda duda debe resolverse en contra de la existencia de la exención. *Esso Standard Oil v. A.P.P.R.,* 95 D.P.R. 772 (1968) ; véase *Texas Co. (P.R.) Inc. v. Tribunal de Contribuciones,* 82 D.P.R. 134, 160 (1961). Por vía de excepción nos apartamos de esa norma en casos en que la exención constituye un instrumento que utiliza el Estado para fomentar la industria y la inversión productiva y una interpretación del estatuto resulta contraria al propósito legislativo. *Textile Dye Works, Inc. v. Srio. de Hacienda,* 95 D.P.R. 708 (1968).

En el caso que nos ocupa, no se trata de la exención contributiva clásica que constituye una gracia legislativa, que exige interpretación restrictiva, *Texas Co. (P.R.) Inc. v. Tri-*

*bunal de Contribuciones,* supra, pág. 160, ni la exención cuyo propósito es fomentar el crecimiento económico, de interpretación liberal, *Textile Dye Works,* supra, pág. 785, sino que nos enfrentamos al propósito de aliviar en alguna medida la situación del dueño de una finca cuando la acción de la Junta de Planificación al clasificar la propiedad para uso público le causa impedimentos en cuanto a la utilización de su propiedad o resultare en una merma en sus ingresos. [3] Debemos interpretar el estatuto tomando en consideración los fines que persigue y en forma tal que la interpretación se ajuste al fundamento racional o fin esencial de la ley y a la política pública que lo inspira. Véase *Esso Standard Oil,* supra. En este caso la ley requiere que el contribuyente demuestre el perjuicio sufrido como consecuencia de la acción de la Junta, exponiendo en una solicitud al efecto los hechos en que basa su derecho a la exención total o parcial.

El contribuyente apoya su reclamación, sin más, en el tecnicismo legal de que nunca fue notificado por la Junta de Planificación de que su propiedad hubiese sido clasificada en un distrito "P". Pero es curioso que el contribuyente no hubiese pagado la contribución territorial sobre la propiedad afectada durante siete años luego de que la propiedad hubiese sido clasificada en "P", a pesar de que admite haber recibido todos los años la notificación de la imposición contributiva.

Su reclamación se limita a la suma que le fuera retenida por la Administración de Terrenos para el pago de la contribución adeudada por los últimos siete años anteriores a la adquisición de sus terrenos. El transcurso de dichos siete años sin haber pagado las contribuciones adeudadas, a pesar de haber recibido oportunamente la notificación de la imposición da lugar a inferir que al contribuyente podía imputár-

---

[3] Aunque el contribuyente retuvo para sí alrededor del 21% del total de la cabida de la propiedad objeto del pleito no surge del expediente el efecto que esto tuvo sobre cualquier exención a que tuviera derecho.

sele conocimiento de la clasificación de que había sido objeto su propiedad. (⁴)

Según hemos visto el contribuyente no solamente tiene que cumplir con el expresado término de treinta (30) días para la presentación de la solicitud de exención sino que tiene que demostrar que sufrió impedimentos que causaran la inutilización total o parcial de su propiedad. El contribuyente no alega en su demanda el haber cumplido con todos los requisitos que exige la ley para tener derecho a la exención, según exige el estatuto. (⁵) Se limita a apoyar su derecho a la exención en la falta de la notificación de la Junta de Planificación, pero admite, sin embargo, haber recibido la notificación de la imposición de la contribución del Secretario de Hacienda, de la que hizo caso omiso. (⁶) Es forzoso concluir que el contribuyente no puso en condiciones al tribunal de instancia para que éste pudiese determinar si a pesar de no haber radicado la solicitud dentro del término de ley, tenía algún derecho en equidad por haber cumplido con todos los otros requisitos del estatuto reparador. Aun si lo hubiese planteado entiendo que su solicitud de reintegro es tardía por no haberse tramitado dentro del término de ley. La enmienda de 1965 para exigir la presentación de la solicitud de exención dentro del término de 30 días a partir de las notificaciones alternas allí provistas no pudo haber sido un acto fútil del legislador. Su propósito fue

---

(⁴) Nótese que los contribuyentes no alegan que nunca se enteraron de que la propiedad estaba clasificada dentro de un distrito "P". Se limitan a expresar bajo juramento en apoyo de la solicitud de sentencia sumaria que "en momento alguno recibimos notificación *escrita* de la Junta de Planificación *al momento* de que dicha propiedad fue congelada." (Énfasis suplido.)

(⁵) La estipulación de hechos que tuvo ante sí el tribunal de instancia no contiene hechos que apoyen el derecho del contribuyente a acogerse a los beneficios parciales o totales que concede la ley. El peso de la prueba al efecto recae sobre el contribuyente quien es el demandante.

(⁶) Surge del expediente que las contribuciones correspondientes a los dos años siguientes a haber sido clasificada la propiedad en "P" aparecen satisfechas. Es precisamente en el año en que se efectúa la clasificación que se dejan de pagar.

precisamente el de "limitar el derecho a disfrutar de los beneficios de la exención". *Diario de Sesiones,* supra.

El resolver que el contribuyente tiene derecho a la exención en este caso equivale a premiar al contribuyente al reconocerle un derecho a exención *total,* sin haber éste demostrado que cualificó para ello durante los siete años envueltos, no obstante su incumplimiento constante y continuado con la obligación que le impone la ley de pagar la contribución que le corresponde. La equidad y la ley en este caso favorecen al Estado.

Por los motivos expuestos confirmaría la sentencia del tribunal de instancia que declaró sin lugar la demanda de reintegro de contribuciones.