JOHN H. HARLAND COMPANY
Demandante-Recurrida

v.

MUNICIPIO DE SAN JUAN
Demandada-Recurrente

Núm. KLCE-95-00269

San Juan, Puerto Rico, a 23 de junio de 1995

Panel integrado por su presidenta, Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se presentó ante nuestra consideración el día 1ro. de mayo de 1995, un recurso de *certiorari* y auxilio de jurisdicción para revisar una resolución dictada el día 19 de abril de 1995 por el Tribunal de Primera Instancia, Sala Superior de San Juan, y notificada el 21 de abril de 1995. Mediante resolución del 2 de mayo de 1995, expedimos auto y el auxilio solicitado, para paralizar los procedimientos en el tribunal de primera instancia y le ordenamos a las partes someter sus alegatos.

En la resolución recurrida el tribunal de instancia, denegó una moción de la aquí peticionaria Municipio de San Juan (Municipio), que solicitó la desestimación de la demanda instada por la aquí recurrida John Harland Company (Harland), bajo el fundamento de falta de jurisdicción. Alegó el Municipio en su moción que Harland había presentado la demanda de impugnación de deficiencia por concepto de pago de patentes municipales (luego de haber desistido de una demanda instada previamente), fuera del término de treinta (30) días contados a partir de la notificación de la deficiencia, conforme lo dispone el Art. 10(a) (2) de la Ley Núm. 93 del 17 de noviembre de 1992, 21 L.P.R.A. sec. 651 o(a) (2), que enmendó la Ley Núm. 113 de 10 de junio de 1974; conocida como Ley de Patentes Municipales. El tribunal de instancia resolvió que la demanda de impugnación por deficiencia, no está prescrita y concluyó que tiene jurisdicción para considerar los méritos de la misma.

Nos señala el Municipio que el tribunal de instancia cometió dos errores al emitir su resolución:

*"Primer error: Erró el Honorable Tribunal de instancia al determinar que el término para radicar la demanda de impugnación de determinación final de patentes municipales, según provisto por la Sección 6510(a)(2), es uno de prescripción, y que por ende admite interrupción, contrario a la Jurisprudencia del Tribunal Supremo de Puerto Rico y la Ley de Patentes Municipales.*

*Segundo Error: Erró el Honorable Tribunal de Instancia al determinar que la demanda en el presente caso fue radicada a tiempo por la demandante y que por ende el Tribunal de Instancia tiene jurisdicción para entender el presente recurso."*

Luego de evaluar la petición de *certiorari* y los documentos presentados por las partes, dictamos sentencia revocando la resolución del tribunal de instancia por los siguientes fundamentos.

## I

El día 16 de mayo de 1994, el Municipio le remitió a Harland, una notificación final de deficiencia de pago de patentes municipales para el año 1993-94, por la cantidad de $102,482.67 dólares. La deficiencia notificada era por la inclusión de unos dividendos alegadamente recibidos por Harland, los cuales el Municipio le imputaba como parte del volumen de sus negocios. Para el día 15 de junio de 1994, a los treinta (30) días de la notificación de la deficiencia, Harland presentó ante el Tribunal de Primera Instancia, Sala Superior de San Juan, una demanda sobre impugnación de deficiencia de pago de patentes municipales, prestando una fianza de $111,706.11 dólares, ante el Director de Finanzas del Municipio de San Juan.

Estando el caso ante la consideración del tribunal de instancia y sin haberse diligenciado el emplazamiento contra el Municipio, el día 30 de noviembre de 1994, aproximadamente a cinco (5) meses plazo de haberse presentado la demanda, Harland radicó una moción sobre aviso de desistimiento de la demanda. El tribunal de instancia acogió la referida moción y con fecha del 7 de diciembre de 1994, emitió una sentencia de archivo por desistimiento sin perjuicio, a solicitud de Harland, a virtud de las disposiciones de la Regla 39.1 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 39.1.

Transcurridos treinta (30) días exactos, de haberse presentado el aviso de desistimiento de la primera demanda instada, Harland presentó nuevamente en el tribunal de instancia el día 30 de diciembre de 1994, una demanda en impugnación de la determinación de deficiencia de pago de patentes municipales por los mismos hechos y bajo las mismas alegaciones. Para esa fecha aún se encontraba en vigor la fianza que se había prestado originalmente.

El Municipio presentó una moción de desestimación en el tribunal de instancia donde alegó que esa segunda demanda fue presentada fuera del término de treinta (30) días a partir de la notificación de la deficiencia de pago, según lo dispone el Art. 10(a) (2) de la Ley de Patentes Municipales, por lo cual el tribunal no tenía jurisdicción para adjudicar la controversia. El tribunal de instancia, luego de considerar la oposición a la moción de desestimación de parte de Harland, emitió una resolución donde resolvió que el término dispuesto en el Art. 10(a) (2), de la Ley de Patentes Municipales, es jurisdiccional y de prescripción; que el mismo se interrumpió por Harland, al presentar la primera demanda dentro del término de treinta (30) días, y comenzó a contar o se reactivó a partir de la fecha en que se presentó el aviso de desistimiento. Por lo cual al ser presentada la segunda demanda por Harland, sobre los mismos hechos y alegaciones dentro del término de treinta (30) días a partir del aviso de desistimiento, la causa de acción no había prescrito y había jurisdicción para resolver la controversia.

Inconforme el Municipio con la resolución del tribunal de instancia, acude en revisión alegando que la segunda causa de acción instada por Harland, no puede ser considerada por haberse presentado fuera del término jurisdiccional. Alega que dicho término es uno de caducidad, por lo cual no puede ser interrumpido.

Nuestro más alto foro no ha tenido ante su consideración la interpretación de si el término del Art. 10(a) (2) de la Ley de Patentes Municipales es uno jurisdiccional y si el mismo es de prescripción o de caducidad, por lo cual procedemos a resolver la controversia conforme a los principios de derecho general, sobre leyes análogas del derecho tributario y las normas de derecho procesal. Veamos.

## II

Como regla general, los términos jurisdiccionales son de estricto cumplimiento y no se pueden prorrogar. Los tribunales no tienen discreción para asumir jurisdicción en una controversia donde la parte promovente no haya cumplido con los requisitos que establece la ley. *Maldonado v. Pichardo,* 104 D.P.R. 778, 782 (1976); *Martínez v. Junta de Planificación,* 109 D.P.R. 839, 840 (1980). Es la responsabilidad de los tribunales, el velar por que se cumpla por las partes con los requisitos jurisdiccionales e inclusive el de levantar *sua sponte* la ausencia de jurisdicción, para atender una controversia ante su consideración. *Sociedad de Gananciales v. A.F.F.,* 108 D.P.R. 644, 645 (1979); *López v. A.F.F.,* 89 D.P.R. 414, 419 (1963).

El Art. 10(a) (2) de la Ley de Patentes Municipales, *supra* , dispone:

*"(2) cuando una persona no estuviere conforme con una determinación final de deficiencia notificádale por el Director de Finanzas en la forma provista en la cláusula (1) de esta sección, dicha persona podrá recurrir contra esa determinación ante el Tribunal Superior, radicando demanda en la forma provista por ley dentro del término de treinta (30) días a partir de la fecha del depósito en el correo de la determinación final, previa prestación de fianza a favor del Director de Finanzas...* **"[t] anto la prestación de la fianza por el monto expresado por el Director de Finanzas en la notificación de la determinación final como la radicación de la demanda en el Tribunal Superior, ambas cosas dentro del término anteriormente provisto, serán requisitos sin el cumplimiento de los cuales el Tribunal Superior no podrá conocer el asunto. "** (Enfasis suplido).

De la lectura del Art. 10(a) (2), y en particular donde determina que la radicación de la demanda y la prestación de la fianza, *"[s]erán requisitos sin el cumplimiento de los cuales el Tribunal Superior no podrá conocer el asunto",* podemos concluir por su lenguaje claro y específico, que el término que establece de treinta (30) días para la radicación de la demanda y la prestación de la fianza es jurisdiccional. Es norma reconocida que cuando una ley es clara en su redacción, el texto de la misma es la expresión por excelencia de toda la intención legislativa. Art. 14, Código Civil de Puerto Rico, 31 L.P.R.A. sec. 14; *Ferretería Matos v. P.R.T. Co.,* 110 D.P.R. 153, 156 (1980); *Torres González v. Star Kist Caribe, Inc.,* Opinión de 28 de enero de 1994, **94 J.T.S. 5,** pág. 11453.

Aunque esta disposición en particular de la ley y la controversia ante nuestra consideración no ha sido sujeta al escrutinio por parte del Tribunal Supremo como antes indicamos, debemos señalar que en disposiciones análogas en la Ley de Contribuciones Sobre Ingresos, se ha resuelto que los términos para acudir al tribunal a impugnar deficiencias contributivas son de naturaleza jurisdiccional. *Secretario de Hacienda v. Tribunal Superior,* 103 D.P.R. 896, 897 (1975); *Segarra Jr. v. Secretario de Hacienda,* 94 D.P.R. 168, 173 (1967).

Al respecto, cuando se discutió en el pleno de la Cámara de Representantes el Proyecto 1088, antecesor de la Ley de Patentes Municipales de 1974, se dispuso que *"[l]os procedimientos administrativos y judiciales contenidos en el Proyecto son básicamente similares a los establecidos por la Ley de Contribuciones sobre Ingresos...".* Queda así establecido que la intención del legislador era convertir el proceso en uno similar al dispuesto en la Ley de Contribuciones sobre Ingresos. La referida Ley de Patentes Municipales de 1974, se enmendó en varios aspectos, sin embargo sobre este particular, permaneció sustancialmente similar a la ley anterior. Véase, Informes de la Camara de Representantes del 27 de junio de 1974, pág. 10. En *Asociación de Doctores de Familia v. Colegio de Optómetras,* Opinión del 1ro. de febrero de 1993, **93 J.T.S. 12,** pág. 10347, se dispuso que, " *[e]s principio reconocido que al interpretar una ley, hay que tomar en consideración otras leyes o disposiciones in pari materia o complementarias que puedan ayudar a esclarecer la*

*verdadera intención legislativa."* Al respecto el Art. 18 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 18 dispone que:

*"Las leyes que se refieren a la misma materia o cuyo objetivo sea el mismo, deben ser interpretadas refiriendo las unas a las otras, por cuanto lo que es claro en uno de sus preceptos pueda ser tomado para explicar lo que resulte dudoso en otro."*

Sobre este principio el Tribunal Supremo se ha expresado que las leyes deben ser interpretadas como *"[u]n ente armónico, dándole sentido lógico a sus diferentes secciones, supliendo las posibles deficiencias cuando ésto fuere necesario." Farmacias Moscoso v. K-Mart Corp.,* opinión de 10 de mayo de 1995, **95 J.T.S. 59**, pág. 855. Cf. *Beauchamp v. Holsum Bakers,* 116 D.P.R. 522, 527 (1985).

Abundando sobre este aspecto, en la obra *"Procedimiento Contributivo de Puerto Rico",* el profesor Meléndez Caruccini, en la sec. 3.02A se expresa en cuanto a los términos del Art. 10(a) (2):

*"Es sumamente importante advertir que el término de 30 días, según sea el caso, para prestar la fianza y radicar la demanda, es IMPRORROGABLE, y que ambos casos, la prestación de fianza por el monto requerido y la radicación de la demada dentro de dicho término son requisitos jurisdiccionales."* (Enfasis suplido).

Bajo los anteriores fundamentos resolvemos que el término fijado por el Art. 10 (a) (2) es uno jurisdiccional que requiere de su fiel cumplimiento, por parte del que impugne una deficiencia de pago de patente municipal.

De la situación de hechos ante nuestra consideración podemos concluir que Harland presentó la primera demanda dentro del término de treinta (30) días que establece el Art. 10 (a) (2) de la Ley de Patentes Municipales. Es un hecho no controvertido que Harland fue notificada de la alegada deficiencia el día 16 de mayo de 1994, por el Director de Finanzas del Municipio. Para el día 15 de junio de 1994, a treinta (30) días plazo de la notificación, presentó la demanda en el tribunal de instancia. Por otra parte Harland cumplió dentro del término antes mencionado con el requisito de prestación de fianza conforme lo establece la ley.

Partiendo de los hechos descritos en la parte *"I"* de este escrito, la conclusión a la cual llega el tribunal de instancia, de que la primera demanda se radicó y se prestó la fianza, dentro del término de jurisdicción que establece la Ley de Patentes Municipales, se sostiene conforme los documentos que obran en auto, no así la conclusión respecto a la segunda demanda, la cual a continuación discutimos.

### III

Adjudicado que el término es de naturaleza jurisdiccional, debemos resolver si el mismo es uno de prescripción, conforme lo resolvió el tribunal de instancia por lo cual puede ser interrumpido; o si el término es uno de caducidad según lo alega el Municipio.

En palabras de Castán, el Tribunal Supremo de Puerto Rico, en el caso de *Jiménez v. Salellas, Inc. v. Maryland Cas. Co.,* 92 D.P.R. 207, 212 (1965) expresa que *"[l]a técnica imprecisa de nuestro Código Civil, y aún de nuestra doctrina científica; no permiten trazar con seguridad el deslinde entre los casos de prescripción y los de caducidad".* Por otro lado en el mismo caso, y en opinión de De Diego, se dice que *"[l]as fronteras entre la caducidad y prescripción son sumamente borrosas en el Derecho".* (Citas omitidas).

Queda claro, que existe un problema real en cuanto a la distinción entre si un término es

de caducidad o de prescripción, *En Industrial Equipment Corp. v. Builders Ins. Co.*, 108 D.P.R. 290, 294 (1979) se resuelve que *"[l]a distinción entre caducidad y prescripción no ha suscitado problemas en cuanto a su aplicación y efecto una vez se ha identificado el plazo como de caducidad o de prescripción. Es la determinación de cuál de las dos instituciones está presente o aplica lo que ha hecho algo incierto su desarrollo."*

Dentro de este marco conceptual, y en la controversia que esta ante nuestra consideración debemos determinar si las disposiciones del Art. 10(a) (2) de la Ley de Patentes Municipales, se refiere a un término de caducidad o de prescripción.

En lo pertinente, el citado artículo dispone que:

*"... dicha persona podrá recurrir contra esa determinación ante el Tribunal Superior, radicando demanda en la forma provista por ley dentro del término de treinta (30) días a partir de la fecha del depósito en el correo de la determinación final, previa prestación de fianza a favor del Director de Finanzas...".*

La determinación sobre la naturaleza de un plazo de prescripción o de caducidad depende de algo más importante que las meras frases que se utilicen en su redacción.

Al respecto, el profesor Guaroa Velázquez nos expresa que *"[l] a prescripción exige necesariamente una relación jurídica establecida entre un acreedor y un deudor: supone dos patrimonios en presencia; de aquí que la prescripción siempre extingue una obligación. **Ahora bien, no hay prescripción sino caducidad en todas las hipótesis en que la ley prefija un plazo para realizar cierto acto que no implique una relación jurídica de índole creditoria,** el cual debe ser efectuado dentro del plazo establecido, de suerte que en caso de retardo el interesado pierde su pretensión, no pudiendo ya verificar útilmente el acto del cual dependía la conservación de su derecho a la protección de su interés."* (Enfasis suplido.)▮

Argumenta Harland que *"[l]a acción aquí promovida es una crediticia, con arraigo en cierta deuda que reclama el Municipio a John Harland... "* por lo cual el plazo es de prescripción. Así también el tribunal de instancia concluyó que *"[l]a relación patrimonial existente entre las partes al igual que el término de revisión judicial que posee el contribuyente nos llevan a concluir que el término provisto por la Ley de Patentes Munipales para revisar una determinación final de deficiencia contributiva es uno de prescripción y no de caducidad como pretende sostener el Municipio".* A renglón seguido el tribunal de instancia dispuso que la deficiencia en el pago de patentes crea una relación jurídica de índole crediticia a favor del Municipio y en contra de Harland, para cuya impugnación la ley otorgó el derecho a solicitar revisión judicial mediante la presentación de una demanda. Bajo el procedimiento establecido en la Ley de Patentes Municipales, el municipio no puede proceder a tasar y cobrar las deficiencias hasta que:

*"1. Se notifique la deficiencia, transcurra el término de 30 días y no se impugne ésta. 21 L.P.R.A. sec. 6510 (c).*

*2. Se notifique la deficiencia, se presente la demanda en el término de 30 días y el tribunal confirme la deficiencia. 21 L.P.R.A. sec.6510 (a)(2)(b).*

*3. A manera de excepción, se tase, notifique y requiera el pago de patente en peligro. 21 L.P.R.A. sec. 651 p."*

De ordinario una notificación final de deficiencia en el pago de patentes municipales no crea una relación típica de deudor y acreedor, hasta que la misma no se convierta en ejecutable, transcurridos los trienta (30) días dispuestos por la ley, sin que se inste acción

judicial.

En el caso ante nuestra consideración, más allá de la mera relación crediticia que pueda existir entre las partes, existe una disposición legal que ha establecido un término dentro del cual se puede ejercitar el derecho, y éste es el punto de partida para que ese derecho se extinga. En este caso ese término se concede para la radicación de un pleito de novo donde se dilucidaría la controversia planteada sobre la deficiencia en el pago de patentes.

El comentarista español, José Luis Santamaría nos dice que la *"[c]aducidad tiene lugar, dice Castán en términos análogos a Coniello, cuando la Ley o la voluntad de los particulares han señalado un término fijo para la duración de un derecho, de tal modo que transcurrido este término, no puede ya ser ejercitado. El criterio diferencial entre ambos institutos, prescripción y decadencia [caducidad], no resulta muy claro, expresa Barassi, pero puede decirse que cuando la Ley ha establecido que un determinado acto, que representa la actuación de un derecho, sea ejercitado dentro de un tiempo dado, este término es el punto de partida de la extinción del derecho de caducidad..."*. (Enfasis suplido) .

En *Eisele v. Orcasitas,* 85 D.P.R. 89, 94 (1962), el Tribunal Supremo, citando decisiones del Tribunal Supremo de España, determinó que:

*"Si bien es cierto que en el Código Civil no existe la debida distinción entre caducidad y prescripción, también lo es que la doctrina jurisprudencial las viene diferenciando, entendiendo que cuando se otorga un tiempo determinado para el ejercicio del derecho, se está en presencia de un plazo de caducidad, pasado el cual el derecho deja de existir, y así debe ser proclamado de oficio..."*. (Enfasis suplido) .

Puig Peña, nos dice que la finalidad de la caducidad es fijar de antemano el tiempo durante el cual únicamente un derecho puede ser ejecutado, y que en la decadencia [caducidad], distinto a la prescripción, no hay interrupción porque el efecto extintivo es radical y automático.

En el presente caso, aunque si bien es cierto que se puede entender que existe entre las partes una relación crediticia final, pero sujeta a su ejecución conforme lo antes expresado, ésto no convierte por sí sólo el término concedido en el estatuto en uno de prescripción como resolvió el tribunal de instancia. Sobre este particular se ha resuelto por el Tribunal Supremo, que en relaciones de índole crediticia los términos concedidos por la ley para ejercer ciertos derechos de las partes pueden ser de caducidad. Así por ejemplo en *Srio. Del Trabajo v. Tribunal Superior,* 91 D.P.R. 856, 860-861 (1965), se resolvió que el término de tres años para instar acción en reclamación de salarios adeudados por un patrono a un empleado, establecido por la Sec. 32 de la Ley de Salario Mínimo de 1956, según enmendada, es un término de caducidad y no de prescripción.

En *Jiménez y Salellas. Inc. v. Maryland Cas. Co., supra,* pág. 211, se resolvió que el término de seis (6) meses dentro del cual un subcontratista puede instar una acción en cobro de dinero, contra un fiador de un contratista de una obra pública, procedimiento que establece el Art. 9 de la Ley Núm. 388 de 9 de mayo de 1951, es un término de caducidad y no de prescripción. Así también se determinó que ante un lenguaje taxativo de la ley que dispone que si se encuentra pendiente una reclamación judicial, no puede ejecutarse determinado acto hasta transcurrido el término establecido por ley, el término fijado es uno de caducidad. Podemos concluir de lo anterior que nuestra jurisprudencia no ha acogido el planteamiento con carácter absoluto de que, en aquellos casos donde exista una relación de índole crediticia se entenderán los términos como de prescripción como fue acogido por el tribunal de instancia.

734

El Tribunal Supremo ha resuelto que términos similares al que aquí nos ocupa, constituyen términos de caducidad. En *Héctor Luis Acevedo v. Asamblea Municipal,* opinión del 22 de enero de 1990, **90 J.T.S. 9,** pág. 7348, se analizó el alcance del Art. 11.02 de la Ley Municipal, 21 L.P.R.A. sec. 3402, en cuanto al término dispuesto para que se impugnen ante los tribunales actuaciones del Alcalde, la Asamblea Municipal, o cualquier funcionario del Municipio. Se determinó en este caso que el referido término es de caducidad.

*"Este término de veinte (20) días es un período de caducidad, que puede ser levantado como defensa por la parte interesada, e inclusive debe invocarlo el tribunal sua sponte. "*

Así también, en *Centeno Rivera v. Pacheco de Algarín,* 94 D.P.R. 528, 530 (1967), interpretándose la Ley Municipal de 1960, se resolvió que el término dispuesto en su Art. 95, *"[e]s claramente uno de caducidad, que no solamente compete a la parte interesada invocarlo sino que es función del tribunal hacerlo valer a instancia propia. "* Debemos señalar que del análisis que hemos realizado sobre las disposiciones del Art. 95, concluimos que las mismas son similares en cuanto a sus alcances, a las del Art. 15.001, de la actual Ley de Municipios Autónomos. 21 L.P.R.A. sec. 4702. En la más reciente interpretación sobre la Ley de Municipios Autónomos, el Tribunal Supremo, en el caso de *Nogama Const. v. Municipio de Manatí,* mediante Resolución del 10 de marzo de 1995 RB-9521█ confirmó lo resuelto en *Héctor Luis Acevedo v. Asamblea Municipal, supra,* al concluir que el término del Art. 15.002 de la Ley de Municipios Autónomos, *supra,* es uno de caducidad, *"...pues tal artículo de ley tiene el propósito de impartirle certeza y finalidad a las actuaciones del gobierno municipal. "* Pág. 2 de la Resolución.

Utilizando el criterio de hermenéutica legal antes esbozado, de un análisis de la Ley de Municipios Autónomos, la Ley Municipal que le precedió y la Ley de Patentes Municipales antes citadas, son similares en cuanto a los términos concedidos para que la parte afectada impugne ante los tribunales actuaciones del Municipio, o sus agentes. En las tres (3) ocasiones antes mencionadas, en los casos de *Centeno Rivera; Nogama Const. y Héctor Luis Acevedo,* el Tribunal Supremo ha resuelto que dichos términos son de caducidad que no admiten interrupción, que van dirigidos a impartirle certeza y finalidad a las actuaciones del gobierno municipal.

En definitiva, no hay indicio alguno en la ley que apunte hacia la interpretación efectuada por el tribunal de instancia para determinar que el término es uno prescriptivo. Por el contrario, estamos frente a un término para un procedimiento de impugnación de una actuación de una entidad pública en específico sobre el pago por deficiencias en patentes municipales, que la ley interesa se ejercite con celeridad, característica particular de los términos de caducidad, que no admiten causas de interrupción. Véase Federico Puig Peña, *supra,* pág. 455; *Ortiz Rivera v. Sucn. González Martínez,* 93 D.P.R. 562, 567 (1966). Coincidimos con el Municipio de que existe un interés público en que las reclamaciones contributivas se resuelvan con premura, y no queden al arbitrio de las partes. Este principio permea diversas disposiciones de la Ley de Patentes Municipales, que establecen procedimientos referentes a las deficiencias.█ Por lo cual a la conclusión que llega el tribunal de instancia, a los efectos de que estamos frente a un término prescriptivo, va en contra de este interés, y es contraria a la ley.

Concluimos por los anteriores fundamentos que la presentación de la segunda demanda luego de haber transcurrido aproximadamente siete (7) meses desde la notificación de la deficiencia adolecía de caducidad por lo cual el tribunal de instancia no tenía jurisdicción para considerarla. La radicación de la primera demanda por Harland, dentro del término fijado por la ley a partir de la notificación de la deficiencia, no tuvo el efecto de generar un término adicional, o de interrumpir el mismo por ser éste uno de caducidad.

## IV

Sobre el planteamiento del Municipio, al efecto de que el procedimiento de la Ley de Patentes Municipales es uno similar al de revisión judicial de una determinación administrativa, entendemos que el mismo no es de aplicación a los hechos del presente recurso, ya que los procedimientos de revisión judicial ante el Tribunal de Primera Instancia, ya sea contra notificaciones finales de deficiencia bajo la Ley de Contribuciones Sobre Ingresos o la Ley de Patentes Municipales, constituyen un juicio de novo y no una mera revisión judicial. A esos extremos, el licenciado Meléndez Carrucini indica lo siguiente al discutir el procedimiento provisto bajo la Ley Sobre Contribuciones Sobre Ingresos:

*"Debe recordarse... que el trámite ante el Tribunal Superior no es... el de una revisión o apelación. Es claramente, una demanda contra el Secretario de Hacienda [o el Municipio] impugnando su notificación final de deficiencia, la cual demanda el Secretario y/o el Municipio] contesta, **trabándose así una contienda judicial que se dilucida en un juicio plenario** como ocurre en cualquier procedimiento civil ordinario." (Enfasis suplido)* Meléndez Carrucini, *Procedimiento Contributivo de Puerto Rico, supra,* sec. 3.02A, págs. 222-23 (1981).

Nos ilustra el mencionado comentarista sobre derecho contributivo, que una vez contestada la demanda por el Municipio, el presente caso se tramitará ante el Tribunal de Primera Instancia como una acción civil ordinaria, mediando en la misma las reglas de evidencia y las de procedimiento civil, incluyendo descubrimiento de prueba. De no disponerse de la acción mediante mociones dispositivas o transacción, habrá de celebrarse un juicio. Véase, Meléndez Carrucini, *Ingreso Tributable, Inclusiones y Doctrinas,* sec. 1.05A, págs. 38-39 (1991). Analizando las disposiciones de la Ley de Contribuciones Sobre Ingresos, Carruccini, nos dice que *"los trámites sobre revisión judicial de la Ley 170 [Ley de Procedimiento Administrativo Uniforme] no parecían ser aplicables a las determinaciones finales sobre deficiencias",* esto debido a que, en esa ley al igual que en las disposiciones de la Ley de Patentes Municipales ante nuestra consideración las deficiencias *"[s]e impugnan vía acción civil mediante demanda del contribuyente... en proceso enteramente de novo".* G. Meléndez Carruccini, *Ibid.,* pág. 39. Queda establecido, que en el presente caso no procede la analogía entre el proceso de revisión administrativa y el que establece la Ley de Patentes Municipales que hemos discutido.

Por los anteriores fundamentos se expide el auto de certiorari, se revoca la resolución emitida por el tribunal de instancia y se dicta sentencia, desestimando la causa de acción KCO-94-0032, por falta de jurisdicción.

La Juez Alfonso de Cumpiano deja consignado que aun cuando se entendiera que el procedimiento mediante el cual se impugna la determinación de la deficiencia señalada por el Director de Finanzas se asemeja a la revisión de una determinación administrativa, se impone el mismo resultado, de que procede la desestimación de la demanda instada por Harland. Ello, en atención a que la desestimación sin perjuicio de una demanda no da derecho a un apelante o recurrente para interponer una segunda apelación o revisión si hubiera transcurrido el término fijado por ley para apelar. Véase *Román v. Americana de Ferrocarriles,* 10 D.P.R. 53 (1906); *Aponte v. Freiría,* 20 D.P.R. 93 (1914).

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

## ESCOLIOS 95 DTA 189

1. Véase, *Zambrana Maldonado v. E.L.A.,* 92 J.T.S. 12; *Pueblo v. Pizarro Solís,* 92 J.T.S. 10; *Zayas v. Dpto. de Recreación y Deportes,* 91 J.T.S. 96.

2. Guaroa Velázquez, *Las Obligaciones Según el Derecho Puertorriqueño,* ed. Equity, (1964), pág. 256.

3. José Luis Santamaría, *Comentarios al Código Civil,* Tomo 2, ed. Revista de Derecho Privado, (1958) pág. 1012.

4. Federico Puig Peña, *Tratado de Derecho Civil Español,* Tomo I, Vol. II, ed. Revista de Derecho Privado, (1958) pág. 453-455.

5. En un caso relacionado con la notificación de contribuciones sobre la propiedad, y el término para reclamar la exención, mediante el cual se crea una relación crediticia entre el contribuyente y el Estado, el Tribunal Supremo expresó que el mismo no caduca mientras no se notifique cumplidamente. *Calderón Acosta v. Srio. de Hacienda,* 106 D.P.R. 40, 43 (1977).

6. Hacemos mención a una Resolución del Tribunal Supremo por no haber un precedente específico y por su alcance persuasivo para la controversia ante nuestra consideración.

7. Véase, por ejemplo, los incisos 651(4), (5), (6).